JOHN F. CHESLEY *vs.* GEO. W. TAYLOR.—*December* 1845.

*C* brought an action of debt against the maker of a single bill, payable to *B*, and declared upon it under the act of 1829, ch. 51, as assigned to him in writing. The defendant pleaded in bar, that it was not assigned in writing to the plaintiff, but endorsed in blank by the obligee; upon general demurrer the court rendered judgment for the plaintiff.

The assignee of a bond, or other chose in action, is unable to maintain an action on the instrument, in his own name, by the provisions of the act of 1829, unless there was an assignment of it in writing, signed by the party authorised to make the same.

A blank endorsement and delivery of the bill constituted the party to whom it was delivered, its absolute owner; and conferred upon the holder the power to fill up the blank, with a full assignment of the interest to himself.

When the blank is filled up, it becomes an assignment in writing by the party who endorsed it in blank; and though the assignment may not be completed until the time of trial, it is regarded, for the purposes of the suit, as having been made when the instrument was endorsed.

When the plaintiff declared upon a single bill as the assignee in writing thereof, and the defendant pleaded, that he was a minor at the period of the execution of the bill;—to which the plaintiff replied: ratification after full age;—on which replication the issue was made up; the defendant, at the trial, cannot ask an instruction to the jury, that the plaintiff is not entitled to recover, because the single bill was endorsed in blank at the time the suit was brought, and the assignment over the name of the obligee, only written at the bar, after the jury had been empanelled.

APPEAL from *Prince George's* county court.

This was an action of *debt*, commenced on the 9th September 1842, by the appellee against the appellant. The plaintiff declared upon the single bill of *John F. Chesley* and *W. G. Sanders, Jr.*, dated 5th August 1841, payable nine months after date, to *Eli S. Baldwin* or order, for $100, with interest, assigned by him to the plaintiff, by assignment in writing, for value received, and then delivered to the plaintiff. The oyer tendered with the declaration, showed the following endorsement on the single bill.

"For value received, I hereby assign and transfer the within single bill to *Geo. W. Taylor*, or order, and direct the contents thereof to be paid to him.

E. S. BALDWIN."

The defendant pleaded in bar :—

1st. That at the time of the institution of this suit, and the impetration of the writ original in this cause, the said single bill on which the said action is brought, was not assigned in writing to the said plaintiff by the obligee in said single bill, but was only endorsed by said obligee, *Eli S. Baldwin*, in blank, and this, &c.

2nd. That he was a minor at the time of the making of the said single bill.

The plaintiff demurred, generally, to the first plea, and the county court sustained the demurrer; and as to the second plea, he replied, that the defendant, after he came of full age, ratified and confirmed the original contract as his act and deed.

The defendant traversed the replication, on which issue was joined, and the jury found a verdict for the plaintiff on that issue.

At the trial of this cause, the plaintiff, to support the issue on his part joined, offered in evidence, to the jury, the single bill following:

"100 Dollars.—Nine months after date, we promise to pay *Eli S. Baldwin*, or order, the sum of one hundred dollars, for value received, with legal interest from date. Witness our hands and seals, this 5th day of August 1841.

JOHN F. CHESLEY,   (Seal.)

W. G. SANDERS, JR., (Seal.)"

Endorsed.—"For value received, I hereby assign and transfer the within single bill to *George W. Taylor*, or order, and direct the contents to be paid to him.

E. S. BALDWIN."

And proved the same to be in the handwriting of the defendants, and the endorsement of *Eli S. Baldwin*, the obligee, to be in his handwriting.

The defendant, then, to maintain the issue on his part joined, offered in evidence, to the jury, that the single bill upon which the suit was brought in this cause, was not assigned in full, in writing, at the time of the institution of this suit; that the assignment in full, endorsed on the back of said single bill, was made at bar, and after the jury was empannelled; that at the time of the institution of the suit, and before that time, the said single bill had been endorsed in blank, only, in the hand-writing of the obligee in said single bill, *Eli S. Baldwin*, and filed with the original nar.

Whereupon, the defendant prayed the court to instruct the jury, that the plaintiff, under the pleadings in the cause, and the said evidence, if believed by the jury, was not entitled to recover, because the said single bill was endorsed in blank at the time this suit was instituted, and the assignment over the name of the obligee was only written at bar, after the jury were empannelled, which said instruction the court, (STONE, C. J., and C. DORSEY, A. J.,) refused to give.

The defendant prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE, MAGRUDER and MARTIN, J.

By C. C. MAGRUDER for the appellant, and
By T. F. BOWIE for the appellee.

MARTIN, J., delivered the opinion of this court.

In this case, an action of debt was instituted by the appellee, in his own name, against the appellant, on a single bill executed by the appellant and *William G. Saunders*, in these words :

"Nine months after date, we promise to pay *Eli S. Baldwin*, or order, the sum of one hundred dollars, for value received, as witness our hands and seals, this 5th day of August 1841."

The plaintiff, in his amended declaration, after reciting the bill, alleged, that *Eli S. Baldwin*, to whose order the single bill was payable, assigned the same to the plaintiff, by assignment in writing, for value received, and delivered the said single bill to the plaintiff, by reason whereof, and by force of the statute in such case provided, the defendant became liable to pay the plaintiff the sum mentioned in the bill.

To this declaration the defendant pleaded:

1st. That the plaintiff was not entitled to maintain his action, because at the time of the institution of the suit, the single bill was not assigned in writing to the plaintiff by the obligee in the bill, but was endorsed in blank; and

2nd. That the defendant was a minor at the period of the execution of the note.

The plaintiff demurred to the first plea, and on a joinder in demurrer, judgment was entered in his favor. To the second plea there was a replication, averring, that the contract was ratified by the defendant after he had attained the age of twenty-one years; upon which issue was joined.

At the trial before the jury, the plaintiff offered in evidence the bill obligatory, with the following endorsement:

"For value received, I hereby assign and transfer the within single bill to *George W. Taylor*, or order, and direct the contents to be paid to him."

(Signed,) "E. S. BALDWIN."

The defendant then offered in evidence to the jury, that the above assignment, as it appears in full, was not on the back of the note at the time of the institution of the suit, but was made at bar after the jury were empannelled; and that at the institution of the action, the single bill was endorsed only in blank, in the hand writing of the obligee, and filed with the original nar. The defendant then prayed the court to instruct the jury, that the plaintiff was not entitled to recover on the pleadings and evidence in the cause, because the single bill was endorsed in blank at the time the suit was brought, and the assignment over the name of the obligee was only written at bar after the jury had been empannelled. This instruction the court refused to give, and the defendant excepted.

It appears, from this statement of the case, that the question intended to be raised by the first of the defendant's pleas, and his prayer to the court, was, whether an assignment written by the plaintiff over the name of the obligee, *at bar*, and after the jury were empannelled, was such an assignment as gave to the plaintiff the right to institute an action, in his own name, on the single bill, under the provisions of the act of Assembly of 1829, ch. 51.

And although it is apparent, that this question could not be raised, under the pleadings in the cause, by the prayer of the defendant in his exception, yet, as it is properly presented by the plaintiff's demurrer to his first plea, we proceed to examine it.

The act provides, "that any assignee, *bona fide*, entitled to any judgment, bond, specialty or other chose in action, for the payment of money, by assignment in writing, signed by the person authorised to make the same, may, by virtue of such assignment, maintain an action, in any court of law or equity in this State, in his own name, against any obligor or obligors, debtor or debtors, therein named."

It is true, that the assignee of a bond or other chose in action, is unable to maintain an action on the instrument, in his own name, by the provisions of this statute, unless there was an assignment of it in writing, signed by the party authorised to make the same; but, it is perfectly clear, that the blank en-

dorsement and delivery of the bill, constituted the party to whom it was delivered, the absolute owner of the bill, and conferred upon the holder the power to fill up the blank, with a full assignment of the interest to himself.   This is the appropriate object and office of a blank endorsement.   When the blank is filled up, it becomes an assignment in writing, by the party who endorsed it in blank, and though the assignment may not be completed till the time of the trial, it is regarded for the purposes of the suit, as having been made when the instrument was endorsed.   That is to say, it stands as if the bond or bill, instead of having been delivered with an endorsement in blank, had been delivered with an endorsement in full.

It is upon this ground, that the holder of a promissory note is allowed to fill up the blank endorsement, at the trial of the cause, and this is held as supporting the averment in his declaration, that the note in question, had been endorsed to him before the institution of the suit.

*Mr. Chitty,* in his *Treatise on Bills,* says, "a blank endorsement gives the holder, as well as any other person to whom it may be afterwards transferred, the power of instituting himself assignee of the beneficial interest in the bill, by filling it up payable to himself, which he may do at the time of trial."   And in the case of *Hudson against Goodwin,* 6 *H. & J.,* 116, this court said: "But the endorsement on the note on which the suit was brought, appears to be in blank; and though the plaintiff may have filled it up at any time before verdict, yet not having done so, he is not entitled to recover."

This familiar and established doctrine is directly applicable to the question before us.   The rights of the holder of a bond or single bill, delivered and endorsed in blank, are, in this respect, similar to those of the holder and endorsee of a promissory note, for he possesses, by force of the endorsement and delivery, the unquestionable power, by writing over the name of the assignee, to make a complete assignment.

It follows from the views thus expressed, that in our opinion, the county court committed no error, in having rendered their judgment on the demurrer in favor of the plaintiff.

For the same reason, we can discover no infirmity in the declaration, for it will be seen that the plaintiff has directly averred, that the assignment was in writing, and made by the obligee, as required by the statute.

We think, therefore, there was no error in the judgment of the county court, and that it must be affirmed.

JUDGMENT AFFIRMED.