# LYDIA OTT *vs.* JOSHUA DILL, EXC'R OF PHILLIPINA DILL.

The act of 1852, ch. 239, *extends* the jurisdiction of justices of the peace from *fifty* to one hundred dollars in cases both of *torts* and contracts, but does not, in cases of contract below fifty dollars, affect the *test of jurisdiction* established by prior acts, viz., the *amount recovered*, and not the sum laid or claimed in the declaration.

The main design of the legislature by this act was to *extend* the jurisdiction of justices of the peace, and the words, "*debt or damage, laid or claimed,*" are, in matters of contract, applicable only to the extended jurisdiction in *amount*, the main object of the law.

In cases of *torts* the test of jurisdiction was the same before the passage of that act as the one prescribed by it, viz., the damage *laid or claimed* in the declaration.

The act of 1834, ch. 296, did not change what had previously been the test of jurisdiction in actions of contract.

The acts of 1791, ch. 68, and 1809, ch. 76, expressly take from the county courts the jurisdiction up to fifty dollars which they gave to the justices of the peace, and these acts are neither in express terms, nor by necessary implication, repealed by the act of 1852, ch. 239.

APPEAL from the Circuit Court for Frederick county.

*Assumpsit* by the appellant against the appellee, to recover value for work and labor, and services rendered by the plaintiff to the defendant's testatrix. The *nar* claimed damages to the amount of $1000. Pleas, "*non assumpsit,*" and "*limitations.*"

Ott *vs.* Dill.

The verdict was in favor of the plaintiff for $30, and the defendant then moved for a rule on the plaintiff to show cause why a *non pros.* should not be entered. The plaintiff showed cause and insisted the rule should be discharged:

1st. Because the court below had full and ample jurisdiction over the subject matter in dispute: the true test of jurisdiction being the debt or claim laid by the plaintiff in her declaration, and in all cases where the debt or damages laid or claimed shall exceed the sum of $100, a justice of the peace has no jurisdiction.

2nd. Because, by the act of 1852, ch. 239, the test and standard of jurisdiction is not furnished by the sum found to be due by the verdict of the jury, but by the sum actually laid or claimed by the plaintiff in her declaration.

The court, (NELSON, J.,) made the rule absolute, and entered judgment of *non pros.*, from which the plaintiff appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Joseph M. Palmer* for the appellant, stated, that the only question for decision in this case is, whether the sum laid or claimed in the plaintiff's declaration, or the sum actually found by the jury, is the true test of jurisdiction in actions of *assumpsit* for work and labor, and services rendered where there is no specific contract? and then argued:

That since the act of 1852, ch. 239, in all actions like this the true test of jurisdiction of the circuit courts is the debt or damages laid or claimed in the declaration, and not the sum actually found by the jury, and that in all actions for unliquidated damages, where the debt or damages laid or claimed shall exceed one hundred dollars, the circuit courts have jurisdiction. The act of 1791, ch. 68, sec. 1, gives to the justices of the peace jurisdiction "in all cases where the *real debt or damages* doth not exceed ten pounds." The act of 1809, ch. 76, changed the jurisdiction as to the amount, but not the test of jurisdiction, the words being, "in all cases

where the *real debt or damages* doth not exceed the sum of fifty dollars." The act of 1813, ch. 162, extended the jurisdiction of justices to cases of trespass to real estate, by cutting timber, &c., in cases where "the damage doth not exceed the sum of fifty dollars." By these acts the *test* of jurisdiction in *all cases* was the sum recovered, and such remained the law until the act of 1824, ch. 138, which first changed this standard, by enacting, that in all cases of trespass to real property, the justices should have jurisdiction where "the damages *claimed or laid* shall not exceed the sum of fifty dollars, thus making the sum *laid or claimed* the test of jurisdiction. The act of 1825, ch. 51, prescribes the same test in cases of trespass to personal property, the language being, where "the damages *claimed or laid* do not exceed the sum of fifty dollars." These acts are confined to cases of *tort*, but then comes the act of 1834, ch. 296, which gives to the justices jurisdiction in "all cases whatever where the *debt or damages laid or claimed* shall not exceed the sum of fifty dollars," except actions of slander, assault and battery, and actions involving the title to lands. This act *extends* the jurisdiction of justices in *all cases* to fifty dollars; in actions of contract they already had jurisdiction up to fifty dollars, and the act therefore can have no application to cases of contract, *except* to put contracts upon the same footing as to the *test of jurisdiction*, on which cases of *tort* were placed by the acts of 1824 and 1825, and this is the clear meaning of the act, or else it has no reference to *actions on contracts* at all. Then comes the act of 1852, ch. 239, which *extends* the civil jurisdiction of justices of the peace "to all cases for the enforcement of *contracts*, and to *obtain redress for wrongs* where the *debt or damage laid or claimed* shall not exceed one hundred dollars," using the same language as that used in the acts of 1824 and 1825, and putting *torts* and *contracts* upon the same footing. Now, by the cases of *O'Reilly vs. Murdoch*, 1 *Gill*, 32, and *Beall vs. Black*, *Ibid.*, 203, it was decided, that by the acts of 1824 and 1825, the *test of jurisdiction* in cases of *tort* was the damages *claimed* in the decla-

ration, and must not precisely the *same words* in the act of 1852 receive the *same construction?* I therefore insist, that this act of 1852 places contracts and *torts* upon the *same footing*, and has extended the jurisdiction of justices of the peace to all cases of contract, where the debt or damage *laid or claimed* shall not exceed one hundred dollars, and the *debt* or damage laid or claimed in the declaration is the true *test of jurisdiction* in both cases. See also *Carter vs. Tuck*, 3 *Gill*, 248.

*William P. Maulsby* for the appellee.

The cases of *O'Reilly vs. Murdoch, Beall vs. Black*, and *Carter vs. Tuck*, clearly decide, that prior to the act of 1852, ch. 239, the test of jurisdiction in actions *ex contractu*, was the amount recovered, and not the amount laid or claimed in the *nar*. The language of this act is identical with that of the acts of 1834 and 1835, ch. 201, which were construed in those cases and held to be applicable to cases of *tort only*. After commenting on all these acts the court say, in *Beall vs. Black*, that in "all *cases of contract* the sum recovered, and not the matter put in demand, is made to decide the question of jurisdiction." The whole operation therefore of the act of 1852, is to *extend* the civil jurisdiction of justices of the peace in all cases for the enforcement of contracts, and to obtain redress for wrongs from fifty to one hundred dollars, giving them in such cases concurrent jurisdiction with the circuit courts. It in no manner affects the *test of jurisdiction* in cases below *fifty dollars*, which remains as before, "the *sum recovered*, and not the matter put in demand."

ECCLESTON, J., delivered the opinion of this court.

This is an action of *assumpsit*, instituted by the appellant against the appellee, in which damages to the amount of $1000, are laid or claimed in the *nar;* the pleas being *non assumpsit* and limitations. The jury rendered a verdict in favor of the plaintiff for $30, and the defendant obtained a rule upon the plaintiff, to show cause why a *non pros.* should

not be entered, which rule was made absolute. From which decision this appeal is taken.

Whether the judgment below is to be affirmed or reversed, must depend upon the construction which is to be given to the act of 1852, ch. 239.

In an argument of much force and ingenuity, the counsel for the appellant has insisted, that this act has extended the jurisdiction of justices of the peace to all cases of contract, where the debt or damage laid or claimed shall not exceed one hundred dollars; and that the amount of the verdict, as formerly, is no longer the test of jurisdiction in such cases: so that whenever a suit *ex contractu* is instituted in the circuit court, and the debt or damage laid or claimed shall exceed $100, no matter what may be the amount of the verdict, such court has jurisdiction and may render judgment upon it for the plaintiff, if the verdict be in his favor.

In *O'Reilly vs. Murdoch*, 1 *Gill*, 33, the various acts, relating to the jurisdiction of magistrates, from that of 1791, ch. 68, down to that of 1834, ch. 296, inclusive, were referred to and commented upon; but in concluding the opinion the court say, "These views are not to be considered as in any respect applicable to cases of contract, but are intended to be confined to actions of tort, where the amount of the damages are peculiarly a subject for the consideration of the jury." The case before them was one of that description. *Beall vs. Black*, also reported in 1 *Gill*, 203, was a case of tort; but the court there, in very explicit terms, state the difference, up to the passage of the act of 1835, ch. 201, between cases of contract and those of tort, in relation to the test of jurisdiction. Reference is made to *O'Reilly vs. Murdoch*, as deciding the standard of jurisdiction in tort, not to be the sum recovered by the verdict, but the sum laid or claimed in the plaintiff's declaration. The court then say, "By an act passed in 1824, a new test of jurisdiction was first introduced in cases sounding in tort, and not in contract, and from that period, the same rule has been preserved inviolate. The rule established by that act, (and which has uniformly been adhered

to ever since,) to test the jurisdiction of the justices of the peace in cases of tort, has been the damages claimed, and not the sum recovered. In cases of contract, a different principle seems to have prevailed, and in all such cases, the sum recovered, and not the matter put in demand is made to decide the question of jurisdiction. From this rule no departure has been made by the act of 1835." The principle here stated in regard to cases of contract, is quoted and relied upon in *Carter vs. Tuck,* 3 *Gill,* 251, which was an action of *assumpsit.*

The two latter cases not only speak of and construe the act of 1835, but they, in connection with the first, show, unequivocally, what the late Court of Appeals considered to have been, prior to that act, the true tests of jurisdiction of justices of the peace, in the two classes of cases spoken of.

*O'Reilly vs. Murdoch,* it appears was argued at June term 1843, and *Beall vs. Black,* at the following December term. On looking at the original opinions, we find they were both filed on the same day, and were written by the same judge. The third case, *(Carter vs. Tuck,)* refers to the second, and in that reference is made to the first. It is therefore a reasonable inference, that all the acts spoken of in the first were considered in deciding the other two. One of those acts is that of 1834, ch. 296; in which it is enacted, "That from henceforth, the justices of the peace shall have jurisdiction over, and may take cognizance of, all cases whatever, where the debt or damages laid or claimed shall not exceed the sum of fifty dollars, except in cases or actions of slander, assault and battery, and in cases or actions where the title to lands shall or may come in question." Notwithstanding this provision, the court held, in the two latter decisions referred to, that prior and subsequent to the act of 1835, in cases of contract, "the sum recovered, and not the matter put in demand, is made to decide the question of jurisdiction."

It has been suggested in argument, that the court considered the act of 1834, as not having altered the rule just stated, because prior to the passage of that act, magistrates had

jurisdiction up to fifty dollars, in all cases of contract. And this being so, the legislature had no design to give any increase of jurisdiction in matters of contract, consequently no part of the law could properly apply to that class of actions; but the intention must have been to include cases of tort, not provided for by any of the previous acts, and therefore the language used had reference to torts only. Whether this does or does not present, correctly, the views of the court in regard to this act, it is very certain they considered it as not having changed, what had previously been the test of jurisdiction, in actions of contract.

With these decisions before us, when we look to the act of 1852, and perceive (what appears to be perfectly evident,) that the main design of the legislature was to *extend* the jurisdiction of justices of the peace, from fifty to one hundred dollars, in reference to both torts and contracts, we see no good reason why the words, "debt or damage, laid or claimed," may not be considered, in matters of contract, as applicable to the main object of the law, the extended jurisdiction, *in amount;* and not as having any influence upon the subject of jurisdiction in cases provided for prior to the act. This remark is confined to contracts, because the case before us is one of that class, and also, because in torts the rule or test was the same before the passage of the act as the one prescribed in it.

We cannot close our eyes to the fact, that for many years past, the legislation of this State has tended, very decidedly, to restrict the jurisdiction of the courts, and to extend that of the magistrates. And as this very act was passed for the express purpose of *extending* the jurisdiction of magistrates, it cannot be supposed the legislature designed thereby so to change or alter the existing law, in regard to claims on contract, under fifty dollars, as to put it in the power of a plaintiff to take from the magistrate his jurisdiction, and to maintain a suit, for the most trifling sum, in the circuit court, subjecting his debtor to the costs of such a proceeding, simply by taking care to lay or claim a sufficient amount of damages

in his declaration. If the construction insisted upon by the appellant is correct, the jurisdiction, which before the act could only be exercised by a justice of the peace, at the pleasure of the claimant may now be taken from the justice and given to the court. This would be rather a strange mode of carrying into effect the chief design of the law, that of extending the jurisdiction of the justices. It is true, that even with such a construction, the act would *extend* the authority of the magistrates in one respect, but certainly would *reduce* it in another. Although they might, under the law, have some cases over fifty dollars, they might lose more under that sum.

The acts of 1791, ch. 68, and 1809, ch. 76, in express terms, take from the courts the jurisdiction which they give to the justices, but none of the acts which confer authority upon magistrates to hear and decide cases of tort, from that of 1813, ch. 162, down to that of 1834, inclusive, take from the courts their jurisdiction in such cases. There was consequently no necessity for regulating the test of jurisdiction in those cases, by the amount of the verdict, the plaintiff being at liberty to select either tribunal : if he desired to go before a justice he could do so by laying his damages within the prescribed limit. And as the laws which gave the magistrate his authority, did not take away the jurisdiction of the court, but left it to the choice of the plaintiff which he would prefer, if he thought proper to sue in the latter, it was a matter of no importance what the amount of the verdict should be. And the act of 1852, not only does not take away the jurisdiction of the court, but in express terms preserves it, by providing in the 4th section, "That in all cases where the amount claimed, or the thing in action exceeds the sum or value of fifty dollars, and justices of the peace have jurisdiction, the several circuit courts for the counties of this State shall have jurisdiction concurrent with justices of the peace." The concurrent authority here provided for, we understand as designed to embrace the class of cases coming within the jurisdiction of magistrates, as extended by this act. Seeing that to this extent, even in matters of contract, the option is

here given to a plaintiff to sue, either in the court or before a magistrate, there was no necessity for regulating the jurisdiction of either tribunal, by the amount of the verdict; and therefore the words, "debt or damage laid or claimed," as used in this act, were appropriate, and amply sufficient, in reference to suits on contract, coming within the increased jurisdiction of magistrates. But in our opinion the legislature did not intend so to change the law, in regard to actions *ex contractu*, as will authorise the circuit courts to render judgment in favor of a plaintiff on any verdict, where prior to the act of 1852, a non-suit should have been entered, in consequence of the verdict being for a sum less than the jurisdiction of the court, and within that of a justice of the peace.

This act does not, in express terms, repeal the acts which took from the courts their jurisdiction in cases of contract, up to fifty dollars, nor do we perceive a repeal of them by necessary implication.

*Judgment affirmed.*