## JOHN C. TOLSON, Assignee,

### vs.

## CHARLES A. WILLIAMS, Mortgagor.

*Mortgage—Tax Affidavit—Curative Act—Refiling Mortgage for Record.*

Acts 1914, Chapter 421 (Code, Art. 21, Sec. 89a), validating any mortgage or assignment of mortgage defectively sworn to, except as against any *bona fide* purchaser or creditor who became such before the passage of the Act, applies to a mortgage and an assignment of mortgage, both prior to the Act, which lacked the affidavit required by Code, Art. 21, Sec. 32, and Art. 81, Sec. 190, to be made by one lending money on mortgage on property in certain counties, that he had not required, and would not require, the mortgagor to pay the tax levied upon the interest covenanted to be paid.                                          p. 614

It not appearing that there are any creditors or purchasers who might assert claims against the property, any possible creditors of the mortgagor being presumably barred by limitations at the time of the sale under the mortgage made thirteen years after the execution of the mortgage and of a conveyance of the equity of redemption by the mortgagor, and the rights of creditors of the grantee being subordinate to the mortgage, to which the conveyance was expressly subject, the exception in the curative Act in favor of creditors and *bona fide* purchasers cannot be availed of to invalidate the mortgage sale.          pp. 614, 615

Code, Art. 21, Sec. 32, providing that no mortgage shall be valid "except as between the parties," unless there be endorsed thereon a tax affidavit, as therein prescribed, does not invalidate a mortgage lacking such affidavit as between the parties thereto.                                                           p. 615

The refiling of a mortgage for record, after supplying the omission of a tax affidavit lacking when it was first filed, does not constitute it a new instrument, so as to make a sale thereunder ineffectual by reason of the statutory provision (Code, Art. 66, Sec. 11) that a mortgage sale shall pass such title as the

mortgagor had at the time of recording, taken in connection with the fact that the mortgagor disposed of the property between the first filing and the refiling.      p. 615

A mortgage tax affidavit which is certified to have been made "on the Holy Evangely of Almighty God and in due form of law" is valid, the reference to due form of law showing a compliance with the statute (Code, Art. 1, Sec. 9), while the language referring to the other and unnecessary form may be regarded as surplusage.      p. 616

*Decided June 17th, 1920.*

Appeal from the Circuit Court for Carroll County, in Equity (THOMAS, C. J., and FORSYTHE, J.).

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*John C. Tolson* and *C. Alex. Fairbank, Jr.,* with whom was *Albert C. Tolson* on the brief, for the appellant, John C. Tolson, Assignee.

*F. Neal Parke,* with whom were *France, McLanahan & Rouzer, Chas. H. Buck, William Lentz,* and *Bond & Parke,* on the brief, for the exceptants and appellees.

URNER, J., delivered the opinion of the Court.

Exceptions to the mortgage sale in this case were sustained on the ground that the affidavit required by law in reference to the mortgage tax was defective. The mortgage was dated December 30, 1904. It was executed by Charles A. Williams and conveyed to Henry A. Weldy certain real estate in Carroll County to secure a balance of $4,000.00 owing on the purchase price of the property. At that time it was provided

by statute that any person lending money secured by mortgage on property in Carroll County, or his agent or attorney, in addition to the usual oath or affirmation as to the consideration, should take an oath or make an affirmation to be endorsed on the mortgage, to the effect that the mortgagee had not required the mortgagor, his agent or attorney, or any person for the mortgagor, to pay the tax levied upon the interest covenanted to be paid, in advance, nor would he require any tax levied thereon to be paid by the mortgagor, or any person for him, during the existence of the mortgage (*Code,* Art. 21, Secs. 32, 33, 35; Art. 81, Sec. 190). No such affidavit had been made or endorsed on the mortgage when it was filed for record several days after its execution. The omission being discovered, an affidavit as to the mortgage tax was endorsed on the original mortgage, and it was then refiled for record. This occurred within a few weeks after its first registration. But the affidavit thus supplied was made by an agent of the mortgagee, who appears to have sworn that he, the agent, had not required and would not require the mortgagor to pay the tax, instead of giving such assurance as to the *mortgagee.*

Immediately after the execution and delivery of the mortgage it was assigned by the mortgagee to the Title Guaranty and Trust Company. The assignment was endorsed on the mortgage and was recorded with it on January 4, 1905. The statute referred to made it the duty of the assignee corporation, its agent or attorney, to make an affidavit, like the one we have described, in regard to the payment of the mortgage tax, and to have it recorded with the assignment. This affidavit was also omitted when the mortgage and assignment were originally recorded. An affidavit as to the tax was subsequently made by an agent of the assignee and was endorsed on the mortgage when it was filed for record the second time. The form of the latter affidavit is similar to the one made by the mortgagee's agent, and the same objection is raised as to its sufficiency.

By subsequent assignments, with accompanying affidavits, which are free of the objection made to the earlier ones, the mortgage was transferred by the Title Guaranty and Trust Company to Henry C. Shirley and William W. Shirley, and by them to John C. Tolson, who proceeded on November 30, 1917, to exercise the power of sale which the mortgage conferred upon the mortgagee or his assignees. The purchasers objected to the ratification of the sale, alleging that the title proposed to be conveyed was not good and marketable. From the order sustaining their objection on the ground we have stated the assignee of the mortgage has appealed.

However deficient the mortgage and first assignment may have been with respect to the omission or informality of the tax affidavits, they were completely validated, prior to the exercise of the power of sale, by the curative Act of 1914, Chapter 421, codified as Section 89A of Article 21 of the Code of Public General Laws, which enacted, in part, that "any mortgage or assignment of mortgage defectively sworn to or not sworn to at all" was thereby made valid "to all intents and purposes, as if said mortgage or assignment of mortgage had been in such matters in full conformity with the law in force at the time of such execution; provided that any such mortgage or assignment of mortgage is in other respects legal and valid"; and provided further that nothing in the Act should affect the rights of any *bona fide* purchaser or creditor who became such prior to the date of its passage. It does not appear from the record that there are in fact any creditors or purchasers who might assert claims against the mortgaged property, and the indications are all to the contrary. The original mortgagor conveyed away the equity of redemption by deed of the same date as the mortgage, and as these instruments were executed thirteen years before the sale under the mortgage, any creditors of the mortgagor would have been barred by limitations. The conveyance of the equity of redemption was expressly made subject to the mortgage executed on the same day. If there were any creditors of the grantee, their rights, as against his title,

would be subordinate to the mortgage which the deed to him distinctly recognized. There accordingly appears to be no reasonable ground of apprehension as to the existence of any creditors or purchasers who could be in a position to disturb the title proposed to be conveyed in this proceeding. In the absence of any proof or even allegation that there are existing interests which may jeopardize the title, the Court would not be justified in conjecturing such a possibility and invalidating the sale on that ground. *Hammer* v. *Westphal,* 120 Md. 15; *Eden St. Building Assoc.* v. *Lusby,* 116 Md. 173.

It is argued that the refiling of the mortgage for record, with the endorsements of the tax affidavits, a month after it was first recorded, should cause it to be treated as a new instrument, and since a mortgage sale passes to the purchaser only such title as the mortgagor had at the time of the recording of the mortgage (*Code,* Art. 66, Sec. 11), and inasmuch as the mortgagor had divested himself of the equity of redemption by deed executed a month previously, there was in reality no title upon which the mortgage sale could operate. This theory cannot be accepted. While the mortgage was twice recorded, its identity was never changed. As first recorded, without the tax affidavit, it was good as between the parties (*Code,* Art. 21, Sec. 32). It effectually transferred the title so far as they were concerned. The sole purpose of refiling it for registration with the affidavit attached was to comply with the statutory requirement and thus give notice of the mortgage to the public. The mortgage foreclosed is the only one ever given to secure the debt which is sought to be collected out of the proceeds of the sale now in dispute. It is the mortgage to which the deed of the same date conveying the mortgagor's equity referred, and which the grantee in that deed assumed and apparently considered valid, as the principal of the mortgage debt was reduced and the interest was paid during thirteen years and until a short time before the foreclosure.

One other objection to the sale was urged on appeal. In the tax affidavits to each of the assignments of the mortgage it is certified that the affiant "made oath on the Holy Evangely of Almighty God and in due form of law." When these affidavits were taken the oath in reference to the mortgage tax, which was required to be in due form of law, would properly have to be made in the form prescribed by Sections 9 and 10 of Article 1 of the Code, and not on the Holy Evangely of Almighty God. But as the certificate states in each instance that the oath was made in due form of law, the reference to the other and unnecessary form may be regarded as surplusage and as not vitiating the affidavits. Certainly the sale ought not to be set aside on that account.

The objections to the mortgage sale not being sustainable, in our opinion, the order appealed from must be reversed and the cause remanded to the end that the sale may be ratified.

*Order reversed, with costs, and cause remanded.*