## FREDERICK COUNTY NATIONAL BANK *v.* HARVEY J. SCHLOSSER ET AL.

*Mortgages — Successive Assignments — Priorities — Failure to Record—Assignment in Blank.*

A signature with lead pencil is sufficient.                p. 611

The short form of assignment of a mortgage, provided for by Code, art. 21, sec. 35, not requiring an acknowledgment, where a mortgagee, in response to repeated demands from a bank for an assignment, wrote his name on the mortgage and delivered it to the bank, there was no other act required of him, and the bank had implied authority to write an assignment to it above the signature.                         pp. 611, 613

An assignment of mortgage being, by Code, art. 81, sec. 201, valid as between the parties in spite of the omission of the oath as to payment of tax, required by said section, it was valid as against persons who acquired from the mortgagee the notes secured by the mortgage, without taking an assignment of the mortgage.                         pp. 613, 614

Under Code, art. 66, sec. 25, providing that the title to notes secured by mortgage shall be conclusively presumed to be vested in the person holding the record title to the mortgage, where notes in favor of various persons were secured by a mortgage to them, and one of such mortgagees, holding two-fifths in amount of the notes, assigned them to others, without assigning any interest in the mortgage, the assignees could claim but one fifth of the proceeds of a sale under the mortgage as against a bank to which such mortgagee subsequently assigned a one-fifth interest in the mortgage, since the bank, having recorded its assignment, was entitled to one-fifth of the proceeds, although the only notes held by it were fraudulently issued, they having however the appearance of genuine notes secured by the mortgage, and the bank having taken them and the assignment in good faith and for value.                pp. 614, 615

*Decided March 23rd, 1927.*

Appeal from the Circuit Court for Frederick County, In Equity (WORTHINGTON, J.).

Proceedings by Albert S. Brown and Leslie N. Coblentz, assignees, for the sale of property under a mortgage. From a decree distributing the proceeds of sale, the Frederick County National Bank of Frederick appeals. Affirmed in part and reversed in part.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Albert S. Brown,* with whom was *Alton Y. Bennett* on the brief, for the appellant.

*Leslie N. Coblentz,* with whom were *Hartle & Wolfiinger, D. Princeton Buckey,* and *Howard P. Hartman,* on the brief, for Harvey J. Schlosser and others, appellees.

*William P. Lane, Jr., John S. Newman,* and *Parsons Newman,* submitting on brief, for Daniel E. Muritz and Effie M. Muritz, appellees.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Frederick County, rejecting the claim of the appellant as assignee of a mortgage in favor of the holders of notes secured by the mortgage. It appears that one Sylvester L. V. Young, of Hagerstown, Md., had title to a property on Patrick Street, in Frederick, Md., in which he conducted a garage under the name of Young Motor Car Company, on which he gave a mortgage for $10,000. Thereafter he conveyed the property to his son, Ira L. Young, by deed dated September 1st, 1923, who, with his wife, Clara G. Young, executed on the same day what purported to be a purchase money mortgage (subject to the first mortgage of $10,000) to Harvey J. Schlosser for $4,000, to Mary C. Young, (sister of Sylvester L. V. Young) for $6,000, to Sylvester L. V. Young for $10,000, and to Sophia I. Young, (wife of Sylvester L. V.

Young), for $5,000, or $25,000 in all, the mortgage debt having been evidenced by one note to Harvey J. Schlosser for $4,000 and twenty-one notes for $1,000 each, of which six were payable to Mary C. Young, five to Sophia I. Young, and ten to Sylvester L. V. Young, all payable two years after date with interest thereon payable semi-annually. Harvey J. Schlosser held his note and interest in the mortgage to the foreclosure, but the Young notes were all assigned and disposed of within a few months. Subsequently, on June 23rd, 1925, the Young Motor Car Company, Glenn C. Young, Ira L. Young, S. L. V. Young, Mary C. Young, and Sophia I. Young, gave to the Frederick County National Bank a collateral judgment note for $5,000 at sixty days, depositing therewith as collateral "$5,000 notes Ira L. Young, Clara G. Young to S. L. V. Young," which, according to the record in this case, have all the appearances of original notes secured by the mortgage of September 1st, 1923, though it now appears that they were fraudulently issued by S. L. V. Young. The record shows that S. L. V. Young negotiated and made all the transfers of the mortgage notes. After the note to the appellant fell due, it insisted on an assignment of the mortgage to it, the appellant having no knowledge that it was not the holder of five original mortgage notes. On December 29th, 1925, S. L. V. Young sent to the appellant the original mortgage, on which he had signed his name in pencil. Signature with lead pencil is sufficient. 36 *Cyc.* 448. Above the signature on the mortgage the bank wrote an assignment as follows:

> "Having for value received on June 23rd, A. D. 1925, on said date, to wit: June 23rd, A. D. 1925, duly assigned to the Frederick County National Bank of Frederick, Maryland, a body corporate, five promissory notes for one thousand dollars each, payment of which is secured by the within and aforegoing mortgage, I do hereby assign to the said The Frederick County National Bank of Frederick, Maryland, a body corporate, all of my right, title and interest in the above and foregoing mortgage to the extent of the said five thousand dollars mortgage debt secured hereby and

represented by said notes, together with all interest
due and payable thereon.

"Dated this 29th day of December, A. D. 1925.

"S. L. V. Young   (Seal)."

The assignment was recorded February 19th, 1926.   On
March 2nd, 1926, Harvey J. Schlosser assigned his interest
in the mortgage to Leslie N. Coblentz, and on March 27th,
1926, the appellant assigned its interest to Albert S. Brown,
for the purpose of foreclosure, and thereupon they advertised
the mortgaged premises for sale and sold the same for $8050,
and the distribution of this fund is the subject-matter of this
case.   The court below decreed that the proceeds of sale should
be distributed "ratably amongst the *bona fide* holders of the
genuine mortgage notes secured by the mortgage dated Sep-
tember 1st, 1923," and excluded the appellant from any share
in the proceeds of sale.

The appellees all contend for the distribution decreed by
the lower court, with which we disagree so far as the original
interest in the mortgage of S. L. V. Young is concerned.   The
appellant contends that it is entitled to the amount dis-
tributed to the S. L. V. Young interest in the mortgage, and
if that be insufficient to satisfy the appellant's claim, that the
distribution to holders of notes issued to Mary C. Young and
Sophia I. Young be postponed until the indebtedness due the
appellant on the $5,000 note be paid in full, and with this
contention we also disagree.

The appellees object to the assignment to the appellant:
first, because it was signed by Young in blank, without any
authority to fill in an assignment; second, because of the want
of the affidavit required by Code 1924, art. 21, sec. 36, and
art. 81, sec. 201.   To the first of these objections they say
that Young did not know of the assignment until after the
sale, and that it was not the assignment agreed upon with
Mr. McCardell, the president of the bank, Young saying: "As
a matter of fact, when the subject was first discussed there
was to be no assignment."   This is not in accord with his con-
duct as it appears in the record.   Mr. McCardell had been

writing Young for an assignment from September 21st, 1925, and it was in response to his repeated demands for an assignment that Young sent him the mortgage on December 29, 1925, with his, Young's, signature thereon, and with it the implied authority to supply the formal assignment.

The short form of assignment of mortgages provided by article 21, section 35, of the Code of 1924, does not require an acknowledgment, so that, after the mortgage was assigned in blank and delivered to the assignee, there was no other act required of the assignor, and what was said by Judge Alvey in *Jackson v. Myers,* 43 Md. 462, would apply here: "If the endorsement of a sealed instrument be in blank, accompanied by delivery, the party to whom the instrument is delivered may fill up the blank with a full assignment to himself and thus become absolute owner, with right to maintain suit in his own name, within the meaning of the statute; and though the assignment may not be extended until the time of trial, it is regarded, for the purposes of the suit, as having been made in its extended form when the instrument was endorsed; as was the case in *Chesley v. Taylor,* 3 Gill, 251." "If a mortgagee executes and acknowledges an assignment in blank and authorizes an agent to find a purchaser and fill in the purchaser's name and the agent delivers it to the purchaser, who has no knowledge of the agent's filling up the blank, the assignment is valid." *Jones on Mortgages* (6th Ed.), sec. 790; *Phelps v. Sullivan,* 140 Mass. 36, 54 Am. Rep. 442.

The second of these objections, if well taken, would defeat the appellant's claim. By article 21, section 36, of the Code of 1924 (Acts 1896, ch. 120), the assignee of a mortgage shall take an oath to be endorsed on the assignment or mortgage that the assignee "has not required the mortgagor, his agent or attorney, or any person for the said mortgagor, to pay the tax levied upon the interest" etc. Article 81, section 201, of the Code further provides that, except for purposes of foreclosure, "no mortgage or assignment of mortgage shall be valid except as between the parties thereto, unless the said oath or affirmation shall be endorsed thereon." The tax on mortgages was imposed by section 146-A of chapter 120 of

the Acts of 1896, now section 198 of article 81 of the Code, and was of general application. From time to time the mortgage tax has been repealed as to all counties except Frederick. The act says in terms that without the affidavit it was good as between S. L. V. Young (*Tolson v. Williams,* 136 Md. 615) and the appellant, and those who held the notes secured by his part of the mortgage are in the same position as their assignor. They accepted the mortgage notes from Young without having had the mortgage assigned to them to the extent of their respective interests; they left him in a position to perpetrate the fraud of which they now complain. *Hall v. Hinks,* 21 Md. 418. The appellees who were assignees of S. L. V. Young allowed him to hold the security for their notes and to deal with it as he pleased, and, by their failure to secure an assignment of the mortgage and have the same recorded, they have become the unfortunate victims of their own neglect. We are of the opinion that the appellant was authorized to write the assignment over the signature of S. L. V. Young, and that, as between S. L. V. Young and the assignees of his mortgage notes, and the appellant, the assignment was good.

This brings us to the real point in the case, viz.: what interest the appellant has in the mortgage, and the effect of the assignment to it on the notes held by the appellees who were assignees of S. L. V. Young. By article 66, section 25, of the Code of 1924 (Acts of 1910, ch. 719), it is provided: "The title to all promissory notes and other instruments hereafter made, and debts hereafter contracted, secured by mortgage or deeds in the nature of a mortgage, shall both before and after the maturity of such notes, other instruments or debts, be conclusively presumed to be vested in the person, persons, or body corporate holding the record title to such mortgage or deed in the nature of a mortgage."

S. L. V. Young assigned to the appellant all his "right, title and interest in the above and foregoing mortgage to the extent of the said five thousand dollars mortgage debt secured hereby and represented by said notes." In terms this assignment gave the appellant a one-fifth interest in the mortgage.

It had no knowledge or notice that any of the mortgage notes held by Young had been assigned by him to other persons, and had no knowledge that its notes were not original mortgage notes. The assignees of Young's mortgage notes had not recorded their assignments. This is not a new question, nor is the situation in which Young's other assignees find themselves without precedent. In *Morrow v. Stanley,* 119 Md. 599, this Court (through Judge Thomas) said: "As by the terms of the act the title to the debt secured by the mortgage is conclusively presumed to be in the person having the record title to the mortgage, in order to perfect the record title of an assignee of a mortgage debt as against a subsequent assignee it is now necessary to have an assignment of the mortgage recorded, and the title of a *bona fide* assignee of a person holding the record title to a mortgage is no longer affected by prior unrecorded assignments." For us to hold that one-fifth of the mortgage debt was not held by the appellant would be to ignore the plain language of the statute. We are therefore of the opinion that one-fifth of the net proceeds of sale should be distributed to the appellant, one-fifth ratably to the other assignees of S. L. V. Young, four twenty-fifths to Harvey J. Schlosser, five twenty-fifths to Sophia J. Young's assignees, and six twenty-fifths to Mary C. Young's assignees.

> *Decree affirmed in part, reversed in part, and case remanded for further proceedings to conform with this opinion; costs to be paid out of the proceeds of sale.*