SAMUEL E. SCHINDEL and Wife, vs. HENRY H.
KEEDY and GEORGE W. SMITH, Trustees, and
CHARLES B. BOYLE.

*Sales under a Decree in Equity—Exceptions to Trustees' Sales—
Construction of Mortgages in regard to the mortgage Debts
bearing Interest.*

It is well settled in this State, that in all sales made under a decree in equity,
the Court is in fact the vendor, acting for and in behalf of all parties inter-
ested, the trustee being the mere agent of the Court.

The contract of sale in such cases is never regarded as consummated until it
has received the sanction of the Court.

All objections to the sale on the ground of error, mistake or misrepresentation,
either in regard to the terms or manner of sale; or in regard to the nature
and character of the interest in the property decreed to be sold, are open for
consideration before final ratification; and when such objections are made
the Court will either ratify or set aside such sale, as equity and good con-
science may require.

Where a trustee is advised before the sale of a doubt in regard either to the
title or the nature and character of the interest in the property to be sold, it
is his duty to use all reasonable efforts to disembarrass the title of such
doubt in order that the property may bring its fair market value.

Where property was decreed to be sold subject to the lien of certain mortgages,
but owing to their peculiar character and phraseology a doubt arose in
regard to their construction, and the extent of the liens subject to which the
property was decreed to be sold—it was the duty of the trustees before
making the sale, to have submitted the matter to the Court for its determina-
tion.

If, however, this was not done, and the question was brought to the attention
of the Court before the final ratification of the sale, it was the duty of the
Court to have decided it at that time in order to prevent further litigation
between the parties.

Certain moneys were loaned upon mortgages to S. E. C., by the executors of S. C., in pursuance of a power conferred upon them by his will. By the terms of the will, the mortgagor himself was entitled to the annual interest on the mortgage debt during his life. The mortgages provided only for the payment of the mortgage debt upon the death of the mortgagor, and did not provide for the payment of interest during the life time of the mortgagor, but the provisions of the will under which the executors were directed to invest the money so that S. E. C., the mortgagor, should receive the annual interest thereon for life, were set out at length upon the face of the mortgages. A decree was passed for a sale of the mortgaged premises, subject to the lien of the mortgages. Upon exceptions filed by S. E. C., the mortgagor, to the sale made under this decree, it was HELD:

1st. That when the mortgagor's ownership of the property ceased, and it was sold under the decree, the trust created by the will, and set out at length on the face of the mortgages, attached to the property in the hands of the purchaser.

2nd. That the mere fact, that there was no provision in express terms, for the payment of interest during the life of the *cestui que trust,* in the event of a sale of the property, did not affect the question provided it was fairly inferrible from the face of the mortgages that such was the intention of the parties.

3rd. That the sale should be ratified and the purchaser directed to pay to S. E. C. during his life the annual interest on the mortgages, and upon his death to pay the principal of the mortgage debt to the mortgagees.

APPEAL from the Circuit Court for Washington County, in Equity.

This is an appeal from an order of the Court below, overruling the exceptions of the appellants to the sale made and reported by the appellees Henry H. Keedy and George W. Smith, trustees, and finally ratifying and confirming said sale. The case is stated in the opinion of this Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER and ROBINSON, J.

*Louis E. McComas,* for the appellants.

*Henry H. Keedy,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The will of Samuel Schindel directed his executors to invest the distributive share of his son, Samuel E. Schindel in some secure manner, the interest thereon to be received by his said son during his life, and upon his death the principal to be distributed among his children or their representatives.

In pursuance of the power thus conferred upon them, Richard H. Alvey and George Schindel, executors therein named, loaned to the said Samuel E. Schindel, the sum of *three thousand four hundred and eighty dollars,* the same being the amount of said distributive share, to the interest upon which the said Samuel E. was entitled during his life. To secure the payment of the principal upon his death, two mortgages were executed by him of certain real estate sold under the proceedings in this case.

In these mortgages provision is made for the payment to his children of the principal upon his death, but there is no provision for the payment of the annual interest thereon during his life. The mortgagor himself being entitled under the will of his father to such interest, he was permitted by the terms of the mortgage to appropriate it to his own use.

The will, however, directing the executors to invest the distributive share of Samuel E., the son, in some secure manner, so that he should receive the interest thereon during his life, and upon his death the principal to be distributed among his children, and the object and purpose of "the executors in loaning the principal to the said Samuel E. Schindel, in order that he might receive and appropriate the interest due thereon during his life, are set out at length upon the face of the mortgages.

Subsequently Samuel E. Schindel mortgaged the same property to other persons, and upon a bill filed by one of

the mortgagees to foreclose, all prior and subsequent incumbrancers were made parties.

In their answer to this bill, the executors of Samuel Schindel, say that the mortgages to them were taken as a permanent investment for the object and purposes stated on their face, and that they are not liable to redemption or foreclosure, until after the death of Samuel E. Schindel; and that they can only consent to a sale of the mortgaged premises upon condition, that they are sold subject to said mortgages; that is to say, upon condition that the purchaser and those claiming under him, shall pay annually the interest on the mortgage debt to Samuel E. Schindel, during the term of his life, and upon his death to pay the principal of said debt to the mortgagees.

The cause was submitted to the Court below on bill, answer and exhibits, and a decree was passed for the sale of the property, free and discharged of the claims of all parties to the suit, except the claims and liens of the several mortgages to R. H. Alvey and George Schindel, executors of Samuel Schindel.

Under this decree, the property was sold by H. H. Keedy and George W. Smith, to Doctor Charles B. Boyle for the sum of eight thousand and five hundred dollars.

To the ratification of the sale thus made Samuel E. Schindel, mortgagor, and Urilla his wife, filed sundry objections, the fifth and sixth being in these words:

5. That the purchaser at the sale claims and confidently expects that his said purchase is subject only to the lien of the principal sums named in the mortgages to Richard H. Alvey and George Schindel, executors, and not subject to the interest on said principal sums to be paid annually to this exceptant Samuel, or to said mortgagees for the use and benefit of said Samuel, wherefore by the ratification of said sale great injustice will be inflicted on this exceptant Samuel and much litigation produced.

6. That the precise nature, effect and lien of said two mortgages to said executors as recited therein, as well as

in the answer of said executors and in the decree in this cause, does not sufficiently appear in the proceedings and advertisement of sale, and unless the same can be clearly set forth in the final order of ratification, or unless said sale be set aside, great injustice will be done to these exceptants by reason of mistake and error.

A petition was also filed by Doctor Boyle, purchaser, alleging that he bought the property under the belief that he was not to pay interest on the mortgage debt due the executors of Samuel Schindel, during the life-time of Samuel E. Schindel, but was liable only to the payment of the principal upon the death of said Samuel E. ; that since the purchase he had heard of the claim of annual interest on said mortgage debt, and that a ratification of the sale would be a fraud upon him, &c.

This petition, and all objections to the ratification of the sale were subsequently withdrawn by the purchaser, but in the statement of facts upon which the case was submitted to the Court, he still claims that under the sale and purchase, he is not liable for the payment of interest on the mortgage debt.

The Court below refused to decide the questions raised by the fifth and sixth exceptions of the appellants, being of opinion they were more properly determinable in a separate suit to be brought for that purpose. These and other exceptions filed by the appellants were overruled, and a general order of ratification passed.

The first question then, is whether it was the duty of the Court, before final ratification of sale, to have decided the questions presented by the appellants' fifth and sixth exceptions?

It is well settled in this State, that in all sales made under a decree in Equity, the Court is in fact the vendor, acting for and in behalf of all parties interested, the trustee being the mere agent of the Court. *Green vs. Clapp,* 11

*G. & J.*, 1; *Perrin vs. Keithley*; 9 *Gill*, 412; *Goldsborough vs. Ringgold*, 1 *Md. Ch. Dec.*, 239.

The contract of sale in such cases being one between the Court as vendor, and the purchaser, it is never regarded as consummated until it has received the sanction of the Court. *Wagner vs. Marshall & Cohen*, 6 *Gill*, 100. All objections therefore to the sale on the ground of error, mistake, or misrepresentation, either in regard to the terms or manner of sale; or in regard to the nature and character of the interest in the property decreed to be sold, are open for consideration before final ratification; and when such objections are made the Court will either ratify or set aside such sale as equity and good conscience may require. *Bolgiano vs. Cooke*, 19 *Md.*, 375.

It is true, in chancery sales in this State, there is no examination of title by an officer of the Court as in England, but where a trustee is advised before the sale, of doubt in regard either to the title or the nature and character of the interest in the property to be sold, it is his duty to use all reasonable efforts to disembarrass the title of such doubt, in order that the property may bring its fair market value.

Now in this case, the property was decreed to be sold subject to the liens of certain mortgages held by the executors of Samuel Schindel. Ordinarily the examination of a mortgage would disclose on its face the extent of the lien thereby created, but owing to the somewhat peculiar character and phraseology of the mortgages in question, a doubt seems to have arisen in regard to their construction, and the extent of the liens, subject to which the property was decreed to be sold.

The money was loaned by the executors of Samuel Schindel in pursuance of a power conferred upon them by his will, and by the terms of the will the mortgagor himself, was entitled to the annual interest on the mortgage debt during his life. The mortgages provided only for the

payment of the mortgage debt upon the death of the mortgagor, and the property being sold subject to the liens thus created, a question arose as to whether a purchaser would be obliged to pay the annual interest on said mortgages during the life of Samuel E Schindel, the *cestui que trust*.

It was known both to the trustees and the purchasers before the day of sale, that a doubt existed in regard to this question, and affecting as it did the value of the property, it was the duty of the trustees before making the sale, to have submitted the matter to the Court for its determination. If, however, this was not done, and the question was brought to the attention of the Court before the final ratification of the sale, it was eminently proper and the duty of the Court to have decided it at that time, in order to prevent further litigation between the parties. The Court through its agents had offered the property for sale subject to certain mortgage liens; the mortgagees were parties to the proceedings, and if a question arose as to the nature and extent of such liens, it would be contrary to sound policy for a Court of Equity, having jurisdiction of the subject-matter and the parties, to impose upon them the costs and trouble of a separate and independent suit.

If so, we come to the question as to the proper construction of these mortgages. It was argued they did not provide for the payment of interest on the mortgage debt during the life-time of Samuel E. Schindel; but the provisions of the will of the father by which the executors were directed to invest the money so that the said Samuel should receive the annual interest thereon for life, are set out at length upon the face of the mortgages —thus plainly showing that the object of the executors in making the loan, was to carry out the trust thus reposed in them. The mortgagor himself being entitled to the interest for life, it was altogether unnecessary to require him to pay it to the mortgagees; and the mortgages therefore provided that

he should appropriate it to his own use.   If, however, his ownership in the property ceased, and it was sold under a decree at the instance of his creditors, we are of opinion that the trust created by the will, and set out at length on the face of the mortgages, attached to the property in the hands of the purchaser.   Any other construction, would defeat the purpose of the trust, which it was the intention of the executors in taking the mortgages to preserve.

The mere fact that there is no provision in express terms for the payment of interest during the life of the *cestui que trust* in the event of a sale of the property, does not affect the question, provided it is fairly inferrible from the face of the mortgages, that such was the intention of the parties.

The rulings of the Court below, and the final order of ratification of the sale of the mortgaged premises, must be reversed, to the end that an order of ratification may be passed, in which C. B, Boyle, purchaser, shall be directed to pay to Samuel E. Schindel during his life, the annual interest on the mortgages to R. H. Alvey and George Schindel, and subject to the liens of which the property was decreed to be sold ; and upon the death of the said Samuel E. to pay the principal of said mortgage debt to the mortgagees.

*Rulings and order reversed,*
*and cause remanded.*

(Decided 19th January, 1876.)