THE FROSTBURG MUTUAL BUILDING ASSOCIATION vs. WILLIAM BRACE and others, Trustees, and others.

*Acknowledgment of a Mortgage by an Attorney of a Corporation Mortgagor—Proceeding to obtain a Judicial Construction of the Rights of Mortgagees.*

A mortgage was executed to the appellant by a corporation by T. H. its attorney duly appointed for that purpose under the seal of the corporation. In the certificate of acknowledgment it is stated, that "personally appeared T. H., attorney, for The Frostburg Lodge, No. 49, Independent Order of Odd Fellows, and acknowledged the foregoing mortgage to be his act and deed." On a bill filed by the appellees, trustees, to obtain from the Court a construction of the rights of mortgagees in the property involved, it was HELD:

1st. That looking at the whole instrument, this acknowledgment was a substantial compliance with the provisions of the Code, and that the mortgage to the appellant was a valid legal instrument, and entitled to its legal priority in the distribution of the trust funds under a deed from the corporation to the appellees in trust, for the sale of the property, for distribution among its creditors.

2nd. That the appellees, trustees, in filing the bill acted judiciously and in accordance with their duty.

APPEAL from the Circuit Court for Allegany County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J.

*David W. Sloan* and *Robert McDonald,* for the appellant.

*William Brace* and *Benjamin A. Richmond,* for Brace and others, trustees.

BARTOL, C. J., delivered the opinion of the Court.

The material facts in this case are correctly stated in the appellant's brief as follows:

"On the 23rd day of March 1878, The Frostburg Lodge No. 49, Independent Order of Odd Fellows, an incorporated body, having become involved and unable to meet its obligations, conveyed to the appellees, Brace, Richmond and Hill, all of its property, for the purpose of sale and distribution amongst its creditors.

"Part of the property so conveyed was the Odd Fellows' Hall at Frostburg, a large and valuable brick building standing in part upon a lot of ground owned by the said corporation in fee, and in part upon a lot which the lodge held by an equitable title, and upon which the vendor *McCulloh* held a lien for a balance of purchase money. The former lot, embracing about three-fourths of the building, the trustees found to be incumbered by several mortgages, and in their judgment it became necessary before proceeding in the execution of their trust, to obtain from the Court a construction of the rights of the several mortgagees. In this view the several mortgagees concurred, and the bill in this case was filed by the trustees, and an amicable suit docketed. The mortgagees having answered, and the case being submitted on an agreed statement of facts, the decree appealed from was passed.

"The mortgage of the appellant was dated April 14th 1876, that of John L. Miller, December 11th 1876, and that of Henry Stevens, November 24th 1877.

"The Circuit Court decreed that these several mortgages are not valid legal conveyances, and that they can operate only as equitable mortgages, that as between themselves they take priority according to their dates; but at the same time decreed 'that the amount due upon the mortgage of the appellant, whilst it should be carved out of the fund, ahead of the mortgages of Miller and Stevens,

instead of going to the appellant, should be set aside for the purpose of distribution amongst certain general creditors, who had become such subsequent to the appellant's mortgage,'" &c.

The question before us on this appeal is as to the effect and operation of the mortgage held by the appellant.

It was executed by the corporation by *Thomas Hill,* its attorney duly appointed for that purpose under the seal of the corporation. The supposed defect in the instrument is in the certificate of acknowledgment which states that, "personally appeared Thomas Hill, Attorney, for The Frostburg Lodge, No. 49, Independent Order of Odd Fellows, and acknowledged the foregoing mortgage to be his act and deed."

The Circuit Court decided that this certificate is defective because it states that the deed was acknowledged by the attorney, not as the act of the corporation but as *his,* that is Hill's act.

The Code, *Art.* 24, *sec.* 8, *sub-sec.* 4, requires, that the certificate of acknowledgment shall contain "a statement that the grantor acknowledged the deed to be his act, or made an acknowledgment to the same effect." By *sec.* 28, mortgages are required to be acknowledged in the same manner as absolute deeds.

The Act of 1868, *ch.* 471, *sec.* 1, directs the manner in which deeds by corporations may be acknowledged; it provides that "any corporation may acknowledge any deed, which such corporation has power to make, by attorney appointed by such corporation under the seal thereof, and such appointment may be embodied in the deed."

In the mortgage of the appellant is embodied the appointment of Hill as the attorney, by whom the acknowledgment was made. The question turns upon the construction of the words of the certificate. Hill as attorney appeared and acknowledged the mortgage to be *his* act. If instead of the pronoun "*his,*" the pronoun "*its*"

had been used, it is conceded the acknowledgment would be sufficient, because that would import that the deed was acknowledged to be the act of the corporation. It seems to us to be very strict and technical to declare the mortgage invalid, because the Justice in his certificate uses a masculine instead of a neuter pronoun: *mala grammatica non vitiat.*

In aid of the certificate, the Court will look at the whole instrument; this was said in *Kelly vs. Rosenstock,* 45 *Md.,* 389, where the date of the acknowledgment was not stated in the certificate, though required by the Code.

The mortgage appears on its face to be the deed of the corporation, it was executed by its corporate seal. Hill by whom the acknowledgment was made, appeared before the Justice in his capacity as attorney of the corporation, and acknowledged it to be *his* act. We think this imports that the deed was acknowledged to be the act of the corporation; the Code does not require that this shall be set out in *totidem verbis,* but it is sufficient if " *it be of like effect,*" a substantial compliance with the provisions of the Code is all that is required.

In our opinion, the mortgage of the appellant is a valid legal instrument, and as such entitled to its legal priority in the distribution of the trust funds under the deed of March 23rd 1878.

The decree of the Circuit Court will therefor be reversed, in so far as it determined that the mortgage held by the appellant operates as an equitable mortgage only.

It becomes unnecessary to consider the other questions argued in the appellant's brief. As no appeal from the decree has been taken by the other mortgagees or other parties interested, the opinion and decree of the Circuit Court in other respects, except as hereinbefore expressed, stand unreversed. The cause will be remanded to the end that the decree below may be modified in conformity to this opinion, and that the trustees, Brace, Richmond and Hill may be decreed to execute the trust.

Being of opinion that in filing this bill, the trustees have acted judiciously, and in accordance with their duty, the costs of this proceeding will be decreed to be paid out of the trust fund. *Spindel and Wife vs. Keedy,* 43 *Md.,* 413.

*Decree reversed in part, and
cause remanded.*

(Decided 18th June, 1879.)