THOMAS C. BASSHOR & Co., and others *vs.* JOHN STEW-
ART, Trustee, and WILLIAM F. STEWART, Assignee.

*Sufficiency of an Acknowledgment to a Deed of Mortgage.*

In the last clause of a mortgage deed, in all respects properly exe-
cuted, under the seal of the mortgagor, a corporation, W. S. was
duly appointed the true and lawful attorney of the corporation,
"for it and in its name, and as its act and deed, to acknowledge
the mortgage before any person having authority by the laws of
the State to take said acknowledgment, in order that the same may
be duly recorded." On the same day that the mortgage was exe-
cuted, according to its date, W. S. the attorney thus named in the
deed for that purpose, appeared before a justice of the peace, and
that officer certified that "personally appeared W. S., he being
known to me to be the person who is named and described as and
professing to be the attorney named in the letter, or power of
attorney contained in the foregoing mortgage or instrument of
*writing*, to be the act and deed of the Maryland Inebriate Asylum,
the party of the first part thereto;" omitting after the word *writing*,
the words "and acknowledged the said mortgage." In the same
certificate the justice further certified that, at the same time, the
mortgagee appeared and made oath that the consideration set
forth in the mortgage was true and *bona fide;* and this certificate
was appended to the mortgage in the usual way, and the mortgage
was thereupon duly recorded. On exception to the sale of the
mortgaged premises, on the ground that the mortgage was not
duly acknowleded, it was HELD :

1st. That every reasonable intendment should be made in support of
the certificate, and the instrument to which it was attached.

2nd. That from the face of the whole writing, including the certifi-
cate, there was no doubt as to what was done, and that the act done
was in accordance with the authority delegated.

3rd. That the words omitted by mere clerical misprision were sup-
plied by the context with positive certainty; and that what might
be fairly and clearly understood or implied, in reading the acknow-
ledgment in connection with the deed, was of the same effect as if
it had been in terms expressed.

Basshor & Co., *et al. vs.* Stewart, &c.

Appeals from the Circuit Court for Baltimore County, in Equity.

On the second day of July, 1874, Werner Dresel sold to the Maryland Inebriate Asylum, a body corporate of the State of Maryland, a tract of land situate in Baltimore County, and took from said corporation a mortgage of the same date to secure the payment of two promissory notes, one for $6500 and the other for $11,500 on account of the purchase money. On the seventeenth day of February, 1875, Werner Dresel assigned said mortgage to Charles Oliver O'Donnell, C. Morton Stewart and others, trustees of Columbus O'Donnell, deceased. On the thirteenth day of May, 1879, C. Morton Stewart and Elliott O'D. Poor, constituting a majority of the surviving trustees of Columbus O'Donnell, deceased, transferred and assigned said mortgage and note to Dr. William Frederick Stewart for the sum of $11,500, the first mortgage note of $6500 having been paid. In 1875 the Maryland Inebriate Asylum contracted with West & Carroll to build a new asylum on the property, and to secure the payment of $6462.80 for work done and materials furnished in the building of the new asylum, gave them a mortgage dated the 3rd of August, 1875. This mortgage was assigned on the 12th of January, 1878, to John T. Graham. The Inebriate Asylum also employed Basshor & Co. to erect a steam heating apparatus, for which they did not pay, and on the 19th of July, 1875, Basshor & Co. filed their mechanics' lien. William L. McAfee also filed his lien claim for work done and materials furnished the Asylum. The Inebriate Asylum, having become insolvent, made a deed of trust, dated the 21st of April, 1876, to John Morris and Goldsborough S. Griffith, Jr. On the 1st of July, 1879, default in payment of the balance due under the mortgage having occurred, the mortgaged premises were sold, under the power contained in the mortgage, at

the instance of William F. Stewart, the assignee thereof, by John Stewart, his attorney, and the sale was reported to the Circuit Court for Baltimore County. The property was sold at the Exchange Sales Rooms in the City of Baltimore, and in consequence thereof, upon exceptions to the ratification of the sale, the same was set aside, and the Court passed a decree for the sale of the mortgaged property, and appointed John Stewart trustee to make the sale. The trustee, on the 27th of October, 1879, sold the property for $8000 to William F. Stewart, and reported the sale to the Court. On the 24th of November, 1879, Morris and Griffith (trustees under the deed of trust,) Graham (the holder of the second mortgage,) and Basshor & Co. and McAfee (the lien claimants,) filed three exceptions to the sale, the first and second of which are as follows:

First. Because the pretended mortgage under which said sale was made was never acknowledged, as provided by law, and said sale was consequently absolutely void.

Second. Because the appointment of the trustee to make said sale was improvidently and illegally made.

The third exception was ignored by the exceptants at the hearing. The Court (GRASON and YELLOTT, J.,) by its order of the 28th of January, 1880, overruled the exceptions and ratified the sale. From this order, and from the decree appointing the trustee to make the re-sale, these appeals have been taken.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J.

*Fielder C. Slingluff,* for the appellants.

*Rob't Riddell Brown* and *R. R. Boarman,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

The mortgage of the Maryland Inebriate Asylum to Werner Dresel was executed on the 2nd of July, 1874, and was to secure the payment of $18,000, purchase money, due on the property described in the mortgage. This mortgage was afterwards assigned, and part of the debt has been paid. Default in payment of the balance having occurred, the assignee of the mortgage, by attorney, sold the mortgaged premises, under the power contained in the mortgage, and the sale was reported to the Circuit Court for Baltimore County, on the 1st of July, 1879; but that sale, having been excepted to, was set aside by an order of the Court dated the 30th of September, 1879. And at the same time, upon setting the sale aside, the Court proceeded to pass a decree, under Art. 64, sec. 9, of the Code, ordering a re-sale of the mortgaged premises to be made, and appointing John Stewart trustee to make such re-sale. The trustee gave bond and proceeded to make sale as directed by the decree. The sale was made on the 27th of October, 1879, and was the same day reported to the Court by the trustee for ratification. To this sale exceptions were also filed by the parties holding subsequent liens upon the property. And on the 28th of January, 1880, the Court, by its order, overruled the exceptions, and ratified the sale. From that order, and also from the decree appointing the trustee to make the re-sale, appeals have been taken to this Court.

The only exceptions relied on in this Court, or that could, with any show of reason, be relied on, are:—

1st, That the mortgage by the Maryland Inebriate Asylum to Dresel was not duly acknowledged, and that it is therefore inoperative as a legal mortgage as against subsequent lien-holders; and,

2ndly, That there was no authority in the Court to appoint a trustee to make re-sale of the property, after set-

ting aside the first sale, made under the power contained in what is alleged to be the defective mortgage.

These two exceptions resolve themselves into a single question, and that is, whether the acknowledgment of the mortgage be legally sufficient? for if that be sufficient, there can be no question seriously raised as to the power of the Court to appoint a trustee to make re-sale, under Art. 64, sec. 9, of the Code; the language of the statute being explicit in conferring that power. It is only because of the supposed illegality of the mortgage, or the acknowledgment thereof, that the power of ordering a re-sale, and the appointment of a trustee under the statute, is denied.

The mortgage deed was in all respects properly executed, under the seal of the corporation, and in the last clause of the deed, Wilton Snowden was duly appointed the true and lawful attorney of the corporation, "for it and in its name, and as its act and deed, to acknowledge the mortgage before any person having authority by the laws of the State to take said acknowledgment, in order that the same may be duly recorded." The same day that the mortgage was executed, according to its date, the attorney thus named in the deed for that purpose, appeared before a justice of the peace, and that officer certified that "personally appeared Wilton Snowden, he being known to me to be the person who is named and described as and *professing to be* the attorney named in the letter or power of attorney contained in the foregoing mortgage or instrument of writing, to be the act and deed of the Maryland Inebriate Asylum, the party of the first part thereto;" omitting, as will be observed after the word writing, the words that should have been inserted, " and acknowledged the said mortgage." In the same certificate the justice further certified, that, at the same time, the mortgagee appeared and made oath that the consideration set forth in the mortgage was true and *bona fide ;* and

this certificate was appended to the mortgage in the usual way, and the mortgage was thereupon duly recorded, and no question appears to have been made or suggested in regard to the supposed defective acknowledgment, until after the re-sale made under the order of Court of the 30th of September, 1879.

In aid of this certificate we are required to read it in connection with the other parts of the instrument; and we must, moreover, bear in mind that every reasonable intendment should be made in support of the certificate, and the instrument to which it is attached. And so reading the certificate, is there a doubt left in the mind as to what was done by the attorney before the justice, and what act was intended to be certified by that officer? The attorney was authorized by the deed itself to make the acknowledgment, and nothing else. It is but fair to presume that he did what he was authorized to do, and nothing to the contrary. He was certainly before the justice, and it is equally certain that he peformed some act there, whereby he affirmed the mortgage "*to be* the act and deed of the Maryland Inebriate Asylum." What other act than the acknowledgment of the instrument, according to the authority? If from the face of the whole writing, including the certificate, we have enough before us to enable us to determine with certainty what was done, and that the act done was in accordance with the authority delegated, we cannot, consistently with any fair intendment in support of the acknowledgment, declare it invalid. Here the reading of the acknowledgment, in view of the other evidence furnished by the deed, leaves no doubt as to the act that was done, and the words omitted, by mere clerical misprision, are supplied by the context with positive certainty. What may be fairly and clearly understood or implied, in reading the acknowledgment in connection with the deed, is of the same effect as if it had been in terms expressed.

In the case of *Wickes vs. Caulk,* 5 *H. & J.,* 36, the deed offered in evidence was dated the 6th of October, 1707, and the acknowledgment was certified to have been made on the 6th of October, but omitted to state the year, and the deed was recorded on the 8th of January, 1707. There, by inference and intendment, the time of recording was made to correct the date of the deed, and to supply the particular year in the acknowledgment. So, in the case of *Kelly & Martin vs. Rosenstock & Stein,* 45 *Md.,* 389, the mortgage bore date the 6th of August, 1872, but the particular day of the month of August, 1872, upon which the acknowledgment was made was omitted to be stated; and this Court held, that by looking to the date of the mortgage, and the clerk's certificate endorsed thereon of the time when it was filed for record, the particular day of the month when the acknowledgment was made was with certainty supplied. And in the still more recent case of the *Frostburg Mut. Build. Asso. vs. Brace and others,* 51 *Md.,* 508, the certificate of the justice stated that the attorney of the corporation appeared and acknowledged the mortgage to be *his act and deed,* instead of the act and deed of the corporation: but this Court held that the acknowledgment was aided by intendment, and that it should be read and understood as the acknowledgment of the corporation by its attorney, according to what was the manifest intention.

In the case of *Van Ness & Jones vs. Bank U. S.,* 13 *Pet.,* 17, a case arising under the statutes of this State in force in the District of Columbia, a deed decreed to be executed by an infant defendant, by her guardian appointed *ad litem,* appearing to have been acknowledged by the guardian "to be his act and deed, as guardian as aforesaid, and thereby the act and deed of the said Marcia Barnes," its admissibility being objected to, upon the ground that it was not acknowledged as the act and deed of the infant grantor, the objection was overruled, and the Supreme

Basshor & Co., *et al. vs.* Stswart, &c.

Court held, that the acknowledgment was a substantial compliance with the law. And in reference to a supposed defect in the acknowledgment of another deed used in the same case, in the omission to describe the official character of the person before whom the acknowledgment was made, Mr. Ch. Justice TANEY, in delivering the opinion of the Court, upholding the sufficiency of the acknowledgment, said, "the soundest principles of justice and policy would seem to demand that every reasonable intendment should be made to support the titles of the *bona fide* purchasers of real property ; and this Court is not disposed to impair their safety, by insisting upon matters of form, unless they were evidently required by the legislative authority." By the Code, Art. 24, sec. 71, any form of acknowledgment containing in substance the contents of the forms prescribed, are declared to be sufficient. We are not, therefore, restricted by mere matter of form. We must look to what will reasonably and substantially gratify the requirement of the statute.

Of course, we are not to be understood as giving sanction to any loose construction of these certificates. On the contrary, if we perceived that there was reasonable doubt as to the meaning and real import of the certificate in question, we should feel bound to declare it invalid. But perceiving no such difficulty in this case, we shall affirm the orders appealed from, and remand the cause for further proceedings.

*Orders affirmed, and*
*cause remanded.*

(Decided 1st July, 1880.)