[Filed January 18, 1890.]

## W. M. KILLINGSWORTH, APPELLANT, v. THE PORTLAND TRUST CO., OF OREGON, RESPONDENT.

PRIVATE CORPORATION—ATTORNEY IN FACT.—When a corporation is made the agent of another to sell and convey real property, it acts through the same instrumentalities as when acting for itself, and the relation between it and its instrumentalities are as one legal entity or artificial person in the performance of its engagements, and involves no delegation of powers, *held*, therefore, that corporation has capacity to execute a deed as attorney in fact for another.

LORD, J.—This is an action to recover damages for failure of the defendant to execute and deliver to the plaintiff a conveyance of certain premises, pursuant to an agreement to that effect. The defendant denies this, and alleges as the attorney in fact of one Deborah H. Ingersoll in compliance with said agreement, that it did execute and tender to the plaintiff a conveyance of said premises, etc., and now brings it into court and deposits it for the plaintiff, and that plaintiff refuses to accept the same. To this the plaintiff demurred on the ground that the same does not state facts sufficient to constitute a cause of defense to the cause of action alleged. The point raised by the demurrer is: Can the defendant, a corporation, execute a deed of conveyance of real property as the attorney in fact of another? In this State the right to become incorporated is secured by a general law, and any persons may avail themselves of it by complying with its provisions. Corporations which owe their existence to the common law must be governed by it in the mode of their organization, in the manner of exercising their powers and in the use of the capacities conferred. But the legislature may authorize the creation of corporations for many purposes not contemplated by the common law and endue it with powers and capacities to be exercised in disregard of its rules, or which may greatly extend, modify or limit its common law powers and privileges. The measure of the legislative power in this regard is limited only by circumstantial provisions. Ordinarily, in the creation of corporations, the common law incidents and powers are

implied, unless otherwise provided or restrained by the law of its corporate existence. But in determining the nature and extent of the powers and capacities conferred on a corporation, and the mode of their exercise, the law of its creation, whether a charter or a statute, must be consulted, for it has no power except as thus given, either expressly or as incidental to the exercise of the powers granted.

It is provided by our statute that a corporation may engage in any lawful enterprise, business, pursuit or occupation (Code, § 3217), so that, unless corporations are affected with some disability, when the articles of incorporation are sufficient for the purpose, there is no lawful occupation or business in which it may not engage in this State, exactly as individuals. By its articles of incorporation the defendant corporation is expressly authorized and empowered "to act as the general or special agent, or attorney in fact, for any public or private corporation or person in the management and control of real estate or other property, its purchase, sale or conveyance, etc." No question is made but what the defendant, by its articles of incorporation, has conferred upon it the power to do the act for which there is claimed to be an alleged failure, but the contention is that a corporation, from the nature of the organization as an artificial body, necessitated to act through agents, is incapable of executing a deed as an attorney in fact. This argument is based on the assumption that there are some things, from the inherent nature of the case, that a corporation is incapable of doing, and seeks its illustrations in the common law, as that a corporation cannot be an administrator or executor, because its duties are of a personal nature and cannot be delegated, or to take an oath, when so required by law, before proceeding to execute some duty or trust. But this argument overlooks the fact that a corporation may be empowered to do by statute what it was incapable of doing under its common law powers, and when thus created, its powers, capacities and modes of exercising them depend upon the

statute.   Nor is the disability in such cases of a character which cannot be obviated by statute, for, as Mr. Morrawetz says, there are numerous instances in which corporations have been expressly empowered by statutes to administer estates.   Morrawetz on Corporations, § 357.

The reason why a corporation was unable to perform the office of executor or administrator, as stated by Blackstone, was that it could not take an oath for the due execution of the office.   1 Blackstone's Com. 477.   But, to enable a corporation to act as executor or administrator, the statute may dispense with the oath, or provide that some one of its officers may take it, or the law of the State may not require any oath for the due execution of the office, and in such case, when no other impediment intervenes, a corporation may act as administrator, when the law of the State does not require the administrator to take an oath.   It was not so held in *Deringer's Admr.* v. *Deringer's Admr.*, 1 Am. St. R. 156.   So, too, in *Lincoln's Sav. Bank* v. *Ewing*, 12 Lea, 602, where it was urged that a corporation was incapable of taking to itself a mortgage or trust conveyance, it was held that a corporation may take and hold as a trustee or mortgagee, and execute a trust in which it has an interest within the scope of its business, and a failure or inability to comply with the provisions of the Code, by taking the required oath, would not affect the validity of the deed or the title vested.   As it is not questioned that the business in which the defendant is engaged is a lawful occupation, and that the articles of incorporation are sufficient to confer the power on the defendant to act as an attorney in fact in furtherance of its legitimate objects, there is nothing to prevent it from doing the acts essential to carry on its business and comply with the terms of its agreement, unless it is incapable of performing such acts from some cause inherent in itself.   A corporation, like a natural person, has a right to conduct its legitimate business by all the means necessary to effect such object.   Within its prescribed range it can do whatever a natural person, *mutatis mutandis,* could do.   Wharton on Agency, § 57

XVIII. OR.—23.

In *Barry* v. *Merchants' Exchange Co.*, 1 Sandf. Ch. 280, it is said: "Every corporation, as such, has the capacity to take and grant property and to contract obligations, the same as an individual. * * * And every such corporation has power to make all contracts which are necessary and usual in the course of the business it transacts, as means to enable it to effect such object, unless expressly prohibited by law." Having the power conferred upon it to act as an attorney in fact, is it not endowed with all the faculties or capacities essential to execute it and carry out the business projects of its creation? Why may not a corporation act as an agent for an individual or another corporation? As the owner of real property, it can, by its authorized agents, execute a conveyance, or it may authorize another, by power of attorney in writing, to convey such property for it. Why, then, may it not act as the agent or attorney in fact of another for a like purpose, when it is so authorized, and to thus act is one of the chief powers conferred to effect the object of its creation and to carry on the business in which it is engaged?

"Within the scope of its corporate powers," says Mr. Mechem, "unless there are express provisions in its charter, or constating instruments to the contrary, a corporation may act as agent, either for an individual, a partnership, or another corporation. Many of the great corporations of the country are organized for this express purpose under statute or charters conferring and defining their powers and the methods of executing them; but even in other cases, the authority so to act might be implied as auxiliary to their main purpose." Mechem on Agency, § 64. It is clear, then, that a corporation may act as the agent of another, and if so, it must be endued with the faculties or instrumentalities to perform the office it is authorized to undertake and carry out the purposes of its creation. When a corporation engages in a legitimate business and is authorized by its incorporation to do the things necessary to carry on such business, it is an express grant of power to enable it to effect that object. If it is to be excluded from

doing such things because, from the nature of its organization, it cannot act personally, but only through agents. there would be little left in the domain of business it could do. As was said by the court in *Hopkins* v. *Gallaton Turnpike Co.*, 4 Humph. 412, "the common law rule with regard to natural persons, that an agent, to bind his principal by deed, cannot in the nature of things be applied to corporations aggregate, these being of mere legal existence, and their board, as such, literally speaking, are incapable of a personal act. They direct or assent by vote, but their most immediate mode of action must be by agent." Being a creation of the law—an artificial person—it can only act by agents who are its limbs or instrumentalities to effect the purpose for which it was organized, and to act for it, their act being the act of the corporation, exactly as the act of an individual in his act. As such, upon the principle of the objection raised, it could not make an acknowledgment in person, but it may by its officers, and in such cases, its officer affixing the seal is the party executing the deed within the meaning of the statute requiring deeds to be acknowledged by the grantor. *Kelly* v. *Calhoun*, 95 U. S. 711; *Frostberg M. B. Ass.* v. *Brace et al.*, 51 Md. 508; Am. & Eng. Enclop. "Acknowledgments," "Corporations."

In fact, within the same principle of reasoning, it may be said that a corporation cannot make a deed of its own property; but we know it can, and that the act of its officers in so doing is the act of the corporation. When a corporation is made the agent of another to sell and convey property, it acts through the same instrumentalities as when acting for itself, and the relation between it and its instrumentalities are as one being, or artificial person, in the performance of its engagement, and involves no delegation of powers. So that when a corporation is invested with a power of attorney to sell and convey real property, the person conferring the power knows that the corporation cannot act personally in the matter, but that in performing the engagement it will act through its agents,

who for that purpose are its faculties, and whose acts in the discharge of that duty are the acts of the corporation, and as such must be considered to be included in the artificial person as instrumentalities authorized by him to do the act conferred upon it by his power of attorney. In this view, the argument that the corporation cannot do such act under the power of attorney without a delegation of authority to its agents, and that the grantor of the power has given no such power of substitution, cannot be sustained.

There was no error, and the judgment must be affirmed.