# GEORGE W. CISSEL vs. JAMES B. HENDERSON ET AL.

*Enforcement of Equitable Mortgage—Land Omitted from Mortgage by Mistake—Rights of Subsequent Creditors —Priority of Lien.*

A defective mortgage or an agreement to execute a mortgage is not enforceable against subsequent *bona fide* creditors of the mortgagor.

After the execution and recording of a mortgage conveying certain lands, judgments were obtained against the mortgagor upon which writs of *fieri facias* were issued and levied upon other land. The mortgagee filed a bill alleging that it was the intention of the parties to include this land in the mortgage, that it was omitted therefrom by mistake, and asking that the mortgage be reformed so as to include this land and that the judgment creditors be restrained from selling the same under their execution. *Held*, that the relief asked for should be refused and that the judgments are valid liens on the land not included in the mortgage.

Appeal from an order of the Circuit Court for Montgomery County (MOTTER, J.), refusing an injunction.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, ROBERTS, BOYD and PEARCE, JJ.

*Talbott & Talbott* and *George S. Chase*, for the appellant, submitted the cause on their brief.

*Arthur Peter* (with whom were *Edward C. Peter* and *J. Alby Henderson* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The object of the suit in this case was to obtain an injunction to restrain certain judgment creditors of the

appellee, Arthur B. Cropley, from selling at Sheriff's sale
a certain tract of land situate in Montgomery County
and containing 37⅛ acres, improved by a house and
outbuildings.   The bill also contains a prayer to reform
a certain deed of trust dated the 1st day of August, 1890,
from Cropley and wife in favor of the appellant, Cissel,
so as to include the 37½ acres of land, and to enjoin the
appellee creditors from further proceedings.

The case was submitted upon bill and exhibits, and
from an order refusing the injunction, this appeal has
been taken.   The facts of the case briefly stated are
these :

On the first day of August, 1890, the appellee, Crop-
ley, being indebted to the appellant, George W. Cissel,
executed and delivered to him a promissory note for
the sum of $25,000, payable three years after date, at
the bank of Riggs & Co., Washington, D. C.   At the
same time the note was secured by the execution of a
trust deed to Messrs. Samuel Sewell Cissel, of George-
town, D. C., and James B. Henderson, of Maryland, of
certain lands in Montgomery County belonging to the
appellee Cropley and particularly described in the deed
of trust.   Subsequently, there being a default in the
payment of the note and interest, the land was sold by
the trustees at public sale and the sale ratified by the
Circuit Court for Montgomery County, and in June,
1897, a deed was executed to the purchaser.

This sale was subject, however, to a prior mortgage
from the appellee, Cropley and wife, to the Maryland
Life Insurance Company of Baltimore, and it appears
that the proceeds of sale were insufficient to pay the
amount due upon both the mortgage and the trust deed.

It further appears that subsequent to the execution
of both the mortgage and deed of trust, certain creditors
of the appellee, Cropley, obtained judgment in the Cir-
cuit Court for Montgomery County against him, and
caused writs of *fieri facias* to be issued and laid upon
" all of those tracts, parts of tracts, pieces or parcels of
land, situated, lying and being in the county of Mont-
gomery in the State of Maryland, and being a part of a

tract of land called 'Carderock,' part of a tract called 'James Park' and part of a tract called 'Young Man's Folly Resurveyed,' or by whatever name or names the same may be known or called, containing 37⅛ acres of land, more or less, and which was conveyed to the said Arthur B. Cropley, by Wm. Douglas, by deed dated August 3, 1880, and recorded among the Land Records of Montgomery County, in Liber E. B. P., No. 22, folios 383, &c., and in said deed fully described by metes and bounds, courses and distances."

It is admitted that the tract of land containing 37⅛ acres, just referred to, is not included in either the description of the mortgage to the Maryland Life Insurance Company or in the deed of trust to the appellant, Cissel, but it is insisted on the part of the appellant that it was the belief and understanding of both the plaintiff and the defendants, Cropley and wife, that it should be included therein and was actually covered by the mortgage and trust deed.

And upon the case as thus stated, the Court was asked to restrain the judgment creditors until the deed of trust could be reformed, and the deed decreed to be a lien prior to the judgments.

The Court below, we think, very properly refused the injunction, because, even if the appellant's contention be conceded, and the deed of trust be treated as an equitable mortgage, it could not be enforced under the statutes of our State against the creditors here. Art. 16, sec. 33, and Art. 21, sec. 19, Code, Public General Laws.

It is admitted and conceded by the appellant in his brief, that the appellees are subsequent creditors, and the indebtedness upon which the judgments were obtained accrued long after the execution and recording of the deed of trust. In the case of *Dyson et al.* v. *Simmons*, 48 Md. 218, it is distinctly held that none of the creditors becoming such after the date of the mortgage can be in any manner affected by the enforcement of the mortgage—that judgments rendered on contracts made after the date of the mortgage, whatever may be the order of their rendition, remain unaffected by the

mortgage; they are entitled to distribution in their order of priority, as if the mortgage had not been made. And in the more recent case of *Applegarth* v. *Wagner*, 86 Md. 474, where many of the previous cases on this subject are reviewed, it is said: " When it is sought to enforce an oral agreement to execute a mortgage of property as security for debt, the contract must be proved with clearness and accuracy and as against creditors of the debtor the party asking for the establishment of such equitable lien must seek relief within a reasonable time."

This view of the case renders it unnecessary for us to express our opinion upon the other questions raised, and is conclusive of the rights of the parties.

*Order affirmed with costs.*

(Decided December 20th, 1898.)