JOHN W. DAVIS et al. *vs.* D. JAMES BLACKISTON, ASSIGNEE.

*Mortgage Sales—Alleged Incompetency of Mortgagee to Execute Assignment.*

An exception by a mortgagor to the ratification of a sale under the mortgage, made by the assignee thereof, alleged that the mortgagee was not mentally competent to execute the assignment, and that this incompetency created a cloud on the title which caused the property to sell for less than its real value,    *Held*, that there is no evidence that any persons were deterred from bidding on the property on account of the alleged defect in the title, or that the land sold at a lower price on that account, or that the price obtained at the sale was so inadequate as to call for its annullment for that reason, and that consequently the exception should be overruled.

*Decided November 14th, 1908.*

Appeal from the Circuit Court for Allegany County (HENDERSON, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*J. W, S. Cochrane*, for the appellants.

*D. J. Blackiston* and *Richard S. Bell*, for the appellee, submitted the cause on their brief.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Allegany County overruling the appellant's exceptions to a sale of mortgaged property and finally ratifying the sale. The mortgage was made in the usual form by the appellant and his wife to John B. Widener on May 5th, 1898, to secure the payment of an indebtedness of $390, which was represented by three promissory notes maturing at two, three and four years from date with interest.

On the 20th of February, 1908, the mortgage, then long overdue, was assigned by the mortgagee for the purpose of foreclosure to D. J. Blackiston who promptly took the requisite steps under Article 66 of the Code for a sale of the mortgaged property, consisting of a farm of 332¾ acres. Before the sale was made the appellant filed a petition in the mortgage proceedings for an order of Court "staying and restraining the sale" because of the alleged mental incapacity of Widener at the time he executed the assignment to Mr. Blackiston. An order to show cause was passed on this petition but after an answer had been filed denying its allegations and testimony taken the Court dismissed the petition and Mr. Blackiston sold the farm under the mortgage proceedings at public sale to the mortgagee, Widener, at the price of $700.

After this sale had been reported to the Circuit Court by Mr. Blackiston and an order of ratification *nisi* had been passed, the appellants filed exceptions to its ratification, for the same reason which they had assgned in their previous application to have it stayed. The grounds of objection to the ratification of the sale are thus stated in the exceptions:

"*First.* Because, the assignment of mortgage to D. James Blackiston for the purpose of foreclosure and under which said ssi gnment said sale was made is nugatory and void for the rea-

son that the assignor was at the time of said assignment and now is a *non compos mentis* and incapable of executing a valid deed or contract.

*Second.* Because by reason of the mental capacity of the assignor of mortgage no marketable title to the property was offered at the sale reported and the property by reason thereof did not bring half its value."

No objection was made to the validity of the mortgage itself, or the mode and form of conducting the sale, nor was any offer made to pay the mortgage debt, nor was it, otherwise than inferentially, if at all, averred in the exceptions that there were persons ready and willing to give a higher price for the property at the time of the sale who were deterred from bidding on it because of an apprehension that its title was doubtful or clouded.

Strictly speaking the only person who could complain that he was directly injured by a defect of title to the property sold under a proceeding like the present one is the purchaser. All that could be sold under the proceeding was the title of the mortgagor at the time of the recording of the mortgage, and if by reason of any defect in the authority of the party making the sale that title did not effectually pass to the purchaser, he and not the mortgagor is the sufferer therefrom. *Warfield* v. *Ross*, 38 Md. 86.

The exceptants' ground of complaint, if any they have, apart from mere inadequacy of price, in reality is that the assignment of the mortgage to Mr. Blackiston was not void but valid and therefore the sale by him did pass the mortgagor's estate to the purchaser but that there existed an apparent though not real mental incapacity of the assignor so notorious as to cast a cloud upon Mr. Blackiston's title to the mortgage and prevent the property from yielding its full value at the sale.   They invoke in their behalf the proposition announced by this Court in *Schindal* v. *Keedy*, 43 Md. 418, in reference to a sale about to be made under a decree in chancery, of land freed of certain liens and subject to others, that "where a trustee is advised before the sale of doubt in regard

to the title or the nature and character of the interest of the property to be sold, it is his duty to use all reasonable efforts to disembarrass the title of such doubt in order that the property may bring its fair market value."

Assuming *ex gratia* that the rule applied in that case to the trustee about to sell under the decree in chancery is applicable in its full force to a mortgagee or his assignee, in selling, *ex parte* under a power, only the interest of a mortgagor in mortgaged land, the record before us fails to present a case calling for its application. The evidence does not show that the land sold at a lower price because of the alleged cloud on its title.

It does not appear that there were any other bidders, than the mortgagee or his agent, present at the sale who, but for fear of the alleged cloud, would have paid a higher price for the mortgaged land than that at which it sold. Nor is it shown that there were persons who were deterred from attending the sale because of doubt or apprehension of the validity of the title to be sold.

The nearest approach to evidence bearing upon these essential facts is the testimony of the appellant himself who testified, when asked why he allowed the farm to be sold for only $700, "Because I was advised that he (presumably Mr. Widener,) could not give a release on the mortgage that's the way it was." He was then asked whether he had the money to pay more than $700 for the farm, and he replied "I did not have the money but I could have gotten it." His own counsel then after calling his attention to these questions and answers asked him: "Did not the opinion of Mr. Widener's inability to execute a release of the mortgage prevent and hinder you in borrowing money on the property?" to which he answered "Yes sir." He, however, mentioned the name of no one to whom he had applied to borrow money on the land and by whom he had been refused for the reason assigned by him, nor did he name or produce a single person who was deterred from attending the sale or bidding on the property because of an apprehended defect in or cloud upon the title to the land sold. This evidence, it is needless to say, falls far short of

sustaining the appellants contention that the mortgaged land failed to bring its true value at the sale because of any cloud real or apprehenedupon its title.

The evidence shows that the land sold for only about one-half of the value put upon it by the witnesses, but there is no evidence that the sale was not fairly conducted, and it was admitted in argument by the appellant that this was no such inadequacy of price as of itself to afford ground for setting aside the sale.

If further appears from the evidence that the appellant had not even paid the interest on the mortgage debt for several years before the proceedings for its sale.

We do not regard the evidence in the record touching the mental condition of Mr. Widener when he made the assignment of the mortgage to Mr. Blackiston as relevant to the real issue presented by the case, but we do not hesitate, after carefully reading all of that evidence, to say that we fully concur in the conclusion reached by the learned Judge below and expressed in his opinion, that it entirely fails to successfully impeach Mr. Widener's competency to make a valid deed or to show that he failed to exhibit a sensible and intelligent purpose in connection with that transaction or a complete grasp of the situation which he then occupied.

The decree appealed from will be affirmed.

*Decree affirmed with costs.*