# THE EDEN ST. PERMANENT BLDG. ASSO. NO. 1 OF BALTIMORE CITY *vs.* HARRY D. LUSBY AND ELIZABETH J. LUSBY.

*Deeds defectively executed; curative acts. Acts of 1910, Ch. 588, "duly recorded."*

Chapter 588 of the Acts of 1910, making valid all deeds, mortgages and other conveyances that have been defectively executed, saving the interests of *bona fide* purchasers or creditors, without notice, who may have become such previous to the act, can make valid a deed which was executed and acknowledged without giving the day and date of the month upon which it was executed, or the day and date of the month on which it was acknowledged.                              p. 175

In such curative statutes, the words "duly recorded," when they occur, do not limit the effect of the statute to deeds, etc., which have been recorded within the six months as required by the statute; these words mean merely that deeds defectively acknowledged, etc., must be recorded to give them the desired validity.                              p. 177

*Decided June 23rd, 1911.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, PATTISON, URNER and STOCKBRIDGE, JJ.

*Charles Lee Merriken* (with whom were *Frank M. Merriken* and *Wm. I. Norris* on the brief), for the appellants.

*Arthur Herzog* (with whom was *Charles Herzog* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The question in this case, is a narrow one, and upon the record before us, is free from difficulty.

The record presents a single question, and that is, the validity of a deed of assignment from one Arthur A. Schaeffer of Baltimore City to John Beck, dated * * * day of October, 1902, conveying a leasehold lot of ground, situate in Baltimore City, at the intersection of Castle and Gough streets, subject to an annual ground rent of $30.00, payable on the first day of January and July in each year. The property is described, as the same piece or parcel of ground described in the deed from John Beck to Arthur A. Schaeffer dated October 14th, 1902, and recorded the same day in one of the Land Records of Baltimore City.

The deed was acknowledged on this * * * day of * * *, in the year 1902, before C. Chas. Friedel, a justice of the peace of the State of Maryland, in and for Baltimore City, but was not recorded until the 22nd of March, 1906.

The property was subsequently, on the 8th day of June, 1906, mortgaged to the appellants, to secure a loan of $450 and upon default in the covenants and conditions of the mortgage, the property was under a decree of the Circuit Court of Baltimore City, dated the 27th day of July, 1910, sold at trustees' sale, to the appellees for the sum of $1,025.

The sale was duly reported to the Court for ratification, and on the 28th day of October, 1910, the appellees, as purchasers of the property, filed exceptions to the sale, upon the ground, that the trustee could not by reason of omission of dates and various other errors in the title deeds to the property, the long lapse of time between the dates of their execution and time of recording, execute and deliver a good and marketable title and estate to the property sold to them.

On the 16th day of February, 1911, the Circuit Court for Baltimore City sustained these exceptions, and held, that the sale should not be ratified, but did not, by its order, vacate or set aside the sale, as reported.

It further appears, that on the same day that the mortgage was executed by the Schaeffers to the appellees, under which the sale was had, to wit, on the 8th day of June, 1906, this property was conveyed by deed by John Beck to Matilda Schaeffer, the wife of Arthur A. Schaeffer, and the deed appears to have been duly recorded on the same day among the Land Records of Baltimore City. The original conveyance from Beck to Schaeffer is dated the 14th day of October, 1902, was properly executed and recorded, in conformity to the statute, and this deed is specifically referred to in the alleged defective deed.

It is objected, that the deed in dispute is defective for three reasons, first because the day in the month of October, 1902, when it was executed is omitted; second, because the certificate of acknowledgment contains the year, but omits both the day and the month when the deed was acknowledged; and third, because the deed was not recorded until March 22nd, 1906, a matter of more than three years subsequent to the apparent date of its delivery.

These objections, we think, in the view, we take of this case, are more technical than substantial, and even if they be defects, as insisted upon, they are such defects, as have been cured by the curative Acts of the Legislature of Maryland, passed since the execution and recording of the deed for the very purpose of correcting and curing errors in defectively executed and acknowledged papers and deeds. *Acts of 1908,* Chapters 105 and 259; *Acts of 1910,* Chapter 588.

The disputed deed in this case is dated —— day of October, 1902, and was recorded on the 22nd day of March, 1906, and we think, clearly falls within the remedial legislation and the provisions of the statutes above cited. These acts were passed for the very purpose of correcting and curing such defects as here urged against this deed, and to confirm and make valid such deeds and other instruments, as indicated by the statute.

By Chapter 588 of the Acts of 1910, it is provided that "all deeds, mortgages, releases, bonds of conveyances, bills of sale, chattel mortgages and all other conveyances of real or personal property, or of any interest therein, which may have been executed, acknowledged or recorded in the State subsequent to the passage of the Act of the General Assembly of Maryland passed at its January Session, 1858, Chapter 208, which may not have been acknowledged according to the laws existing at the time of said acknowledgment, or which may not have been acknowledged before the proper officer, or when the certificate of acknowledgment is not in the prescribed form or when the official character of the officer taking the acknowledgment has not been certified to as required by law, or where the conveyance has not been witnessed to or sealed as required by law, as if the same are hereby made valid, to all intents and purposes, as if the conveyance had been acknowledged, certified to and witnessed according to law; provided the said deeds, mortgages, bonds of conveyance, bills of sale and other conveyances are in other respects in conformity with the laws; provided further, that nothing in this section shall affect the interest of bona fide purchasers or creditors, without notice, who may have become so previous to the passage of this act."

In *Wingert* v. *Zeigler,* 91 Md. 326, this Court said, "we have in this State many instances of similar legislation in what are called 'curative statutes' to correct errors in deeds, mortgages, etc., defectively executed or acknowledged. They save the rights of third parties which have been acquired in good faith, and the power to pass such laws has been sustained over and over again by the Court and its predecessors. *Grove* v. *Todd,* 41 Md. 641; *Barnitz* v. *Reddington,* 80 Md. 622; *Carpenter v. Dexter,* 8 Wall, 513; *Bechtel, et al.,* v. *U. S.,* 101 U. S. 1910.

It is not shown here that any rights of creditors are involved, and the non-recording of the deed within six months from its date did not render it invalid as between

the parties to it, subject to the rights of certain creditors and purchasers without notice, and these qualifications as we have seen, do not affect this deed.

By sections 19 and 21 of Article 21 of the Code, any deed or conveyances of, or relating to, land, duly acknowledged and required by law to be recorded, except mortgages, may be recorded after the time prescribed and when so recorded shall have as against the grantor, etc., the same validity and effect as if recorded within the time prescribed. *Cissel* v. *Henderson,* 88 Md. 576; *Hearn* v. *Purnell,* 110 Md. 466.

The contention of the appellees that the words "duly recorded" found in some of the curative acts (Chapter 105, Acts of 1908), must be construed to apply alone to deeds recorded within the six months required by the statute, is clearly without force. It has been distinctly held that such a construction would strip these curative acts of all meaning.

In *Brinton* v. *Seevers,* 12 Iowa, 389, the Court said: "Nor is the suggestion entitled to weight that the term "duly recorded" found in the act, shall control and have reference to those lawfully recorded. These words were only intended to declare that the deed defectively acknowledged must be recorded to give it the designed validity, and not that a deed lawfully registered under the old law was valid. The latter had this validity without any aid from this act. *Danning* v. *Coleman,* 27 La. Ann. 47; *Martin* v. *Raudon,* 78 Ind. 85-86.

The certificate of acknowledgment in this case except as to the date and the month, is in conformity with the statute, and we do not understand, that it is seriously urged, that the deed is not in other respects legal and valid. The deed is dated —— day of October, 1902, and the reference following the description is to a deed dated October 14, 1902, from Beck to Schaeffer, for the same property, the same parties, and acknowledged before the same justice of the peace.

In *Kelly* v. *Rosenstock,* 45 Md. 389, it is said, when a deed is attacked for want of definiteness on this subject

the Court is not confined to the certificate, but may refer
to the entire instrument or any part of it. To determine
whether it conforms to the law, it is to be read in connection
with the deed itself.

In *Basshor* v. *Stewart,* 54 Md. 376, JUDGE ALVEY, in
delivering the opinion of the Court, said: "Any form of
acknowledgment under our Code containing in substance
the contents of the forms prescribed is sufficient. We
are not restricted by mere matter of form. We must look
to what will reasonably and substantially gratify the require-
ments of the statute: *Wickes* v. *Caulk,* 5 H. & J. 36; *Frost-
burg Bldg. Association* v. *Brace,* 51 Md. 508; *Van Ness* v.
*Bank,* 13 Peter, 17; *Carpenter* v. *Dexter,* 8 Wall. 526.

In this case, however, we are not called upon to deter-
mine whether the deed here in dispute can be sustained
upon other grounds in aid of the certificate of acknowl-
edgment, because we are of opinion, that the alleged defects
and omissions of dates, existing in the deed, have been
cured and corrected by the Curative Acts of 1908 and 1910,
herein referred to, and the deed has the same effect and
validity between the parties, as if it had been recorded in
proper time.

For these reasons, the order of the Circuit Court of
Baltimore City dated 16th day of February, 1911, will
be reversed and the cause remanded, to the end, that the
sale may be finally ratified and confirmed, with costs.

> *Decree reversed and cause remanded,*
> *with costs to the appellant.*